Patricia Ann TINKLE, Next Friend and Guardian of Robert Ernest Tinkle, Appellant,

v.

Dr. B.W. HENDERSON and Dr. A.W. Jorgenson, Appellees.

No. 12–88–00259–CV.

Court of Appeals of Texas, Tyler.

Aug. 31, 1989.

Rehearing Denied Oct. 25, 1989.

See also, 730 S.W.2d 163.

Blake Bailey, Bailey, Pierce & Negem, Tyler, for appellant.

Forrest G. Braselton, Nacogdoches, for appellees.

BILL BASS, Justice.

This is an appeal from a jury's take-nothing verdict in a medical negligence suit. We reverse and remand.

On March 29, 1984, appellant propounded the following interrogatories to both appellees:

1. Please state the name, address and telephone number of each person, whether expert or not, known to you to have knowledge of facts (whether "liability" facts or "damage" facts) relevant to the issues in this lawsuit.

2. Identify each person whom you expect to call as an expert witness at the trial by name, qualifications and address and state:

    a. The subject matter on which the expert is expected to testify;

    b. The substance of the facts to which the expert is expected to testify;

    c. The substance of the opinion to which the expert is expected to testify;

    d. A summary of the grounds of each opinion.

At trial, appellees presented testimony from four previously unnamed fact witnesses, two previously unnamed expert witnesses, and from both of the appellees who testified as expert witnesses. Prior to trial, appellant presented a motion in limine objecting to all testimony from any person not properly identified in response to their interrogatories. During trial appellant also objected to the testimony of each of these

witnesses as they were called by the appellees on the ground that the appellees had failed to identify the witnesses in response to appellant's written interrogatories. The trial court overruled appellant's objections and admitted the testimony.

The appellant contends that the appellees failed to show, and the trial court to find, good cause for allowing the testimony of these witnesses. She urges that the burden was not hers to allege or prove surprise or prejudice, but rather, the appellees' to show good cause as to why they failed to properly respond to a timely and proper discovery request. *Morrow v. H.E.B., Inc.*, 714 S.W.2d 297, 298 (Tex.1986). Appellant maintains that such failure to respond to a proper discovery request results in the automatic loss of that witness's testimony.

Appellees stress that the testimony of the two unnamed expert witnesses was from their depositions taken several years prior to trial at which appellant was fully represented by counsel. Of the four unnamed lay witnesses, appellees contend that two were rebuttal witnesses who had previously given statements to appellant concerning their testimony; a third witness testified to facts discovered and developed during the trial; and the fourth lay witness testified about the care, custody and control of medical records in her capacity as custodian of medical records at Nacogdoches Memorial Hospital and was herself subpoenaed by the appellant to testify at trial. Therefore, the appellees contend that the appellant was neither "ambushed" nor "surprised," or otherwise prejudiced by the witnesses' testimony and that error, if any, in its admission was harmless.

In appellant's two points of error, she alleges that the trial court erred in admitting the testimony of unnamed experts, as well as persons with knowledge of relevant facts, when such persons had not previously been disclosed in response to proper discovery requests.

Tex.R.Civ.P. 166b(2)(d) provides that a party may obtain discovery of the identity and location of *any* person having knowledge of facts relevant to the cause. Rule 166b(2)(e)(1) allows the discovery of the identity and location of any expert who may be called as a witness.

Once it was shown that the appellees failed to timely respond to appellant's written interrogatories, the exclusion of appellee's evidence should have been *automatic. Gutierrez v. Dallas Independent School Dist.*, 729 S.W.2d 691, 694 (Tex. 1987). It then became appellees' burden to show good cause sufficient to require admission of the testimony. *Id.* at 694. Proof showing lack of surprise and the absence of prejudice to the appellant is irrelevant to a showing of good cause. *E.F. Hutton & Co., Inc. v. Youngblood*, 741 S.W.2d 363, 364 (Tex.1987); *Morrow*, 714 S.W.2d at 298. The only basis for allowing the testimony to be presented is a showing by the offering party and a finding by the trial court that good cause existed for allowing the testimony. *Id.* at 298; *Yeldell v. Holiday Hills Retirement & Nursing Center, Inc.*, 701 S.W.2d 243, 246 (Tex.1985). The deposition testimony from the two unnamed expert witnesses, Dr. Pierce and Dr. Perez, was the only expert testimony presented by the appellees from disinterested parties. Their testimony undoubtedly carried more weight than similar testimony coming from interested parties to the case. *Cardinal v. Cardinal*, 131 S.W.2d 1005, 1010 (Tex.Civ.App.1939, writ dism'd). The admission of their testimony was harmful error.

Appellees also failed to properly identify either of the defendants, Dr. B.W. Henderson or Dr. A.W. Jorgenson, as expert witnesses. We are aware of no exception for parties to the general rule of exclusion of the testimony of unnamed experts. Therefore, this testimony, in the absence of a showing and a finding by the trial court, also should have been automatically excluded until such time as the trial court found that good cause existed for its admission. We conclude that the improper admission of the expert testimony was an error of such a nature as would reasonably cause, and probably did cause, rendition of an improper verdict. Appellant's first point of error is sustained.

Appellant in his or her second point of error, contends the trial court erred in the admission of the testimony of lay witnesses not named in appellees' answers to the interrogatories as persons with knowledge of relevant facts.

The appellees argue that the admission of the testimony that the four unnamed lay witnesses presented was proper because one testified only in her capacity as custodian of hospital medical records and was herself subpoenaed by appellant to testify, two were rebuttal witnesses, and the fourth testified as to matters discovered and developed during trial.

■ Mable Durant, the custodian of the Nacogdoches Hospital medical records, testified to only the predicate facts necessary for the introduction of the medical records. She was subpoenaed to testify by the appellant. It is doubtful that Durant was a person having knowledge of relevant facts as that term is used in the rule. But we are convinced that the error, if any, in admitting her testimony was harmless.

■ Ralph Thrift and Sheila Cousins were presented by appellees as rebuttal witnesses, and appellees contend that they did not envision the possibility of having to call either witness to the stand. However, the interrogatories did not, and could not, request the identity of witnesses which appellees intended to call, but rather, only the identity of persons having knowledge of relevant facts. Appellees admit that Thrift and Cousins had previously given statements regarding the case. They knew that they possessed knowledge of relevant facts, and therefore were bound to identify them in their response to appellant's discovery request. In failing to do so, the testimony of both witnesses should have been automatically excluded unless the trial court found sufficient good cause for its inclusion.

■ The fourth and final lay witness, Ronnie Horn, testified as to a matter discovered and developed during the course of the trial. Since his testimony concerned matters first discovered during trial, the failure to identify Horn as a person having knowledge of relevant facts in response to appellant's written interrogatories was justified. The trial court did not err in admitting this testimony. Appellant's point of error number two is sustained insofar as it pertains to the testimony of Ralph Thrift and Sheila Cousins, but overruled as it pertains to the testimony of Mable Durant and Ronnie Horn.

Judgment of the trial court is reversed and the cause is remanded for retrial in accordance with this opinion.

RAMEY, C.J., not participating.