**Cecil Doyle FOWLER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 07–00–0081–CR.**

Court of Appeals of Texas,
Amarillo.

Jan. 3, 2001.

---

Jerry D. Courtney, Claredon, for appellant.

Stuart Messer, Dist. Atty., Claredon, for appellee.

Before QUINN and REAVIS and JOHNSON, JJ.

REAVIS, Justice.

■ Pursuant to a plea of not guilty, appellant Cecil Doyle Fowler was convicted by a jury of driving while intoxicated and punishment was assessed at ten years confinement. By a sole issue, appellant challenges the legal and factual sufficiency of the evidence to support his conviction. Because we decline to hold that an unpaved driveway of a rural residence located approximately one-fourth of a mile from a county road in an isolated and secluded area of Donley County is a "public place" as defined in section 1.07(a)(40) of the Texas Penal Code, we reverse and render a judgment of acquittal.

Kelly Byron, the complainant, resides with her husband and seven-year-old daughter in a secluded rural area of northern Donley County spanning five sections. The closest people to the Byrons are located approximately eight miles away in Allenreed. The rural residence is accessed by a private driveway located off a small loop designated as County Road 20A, with ingress and egress from County Road 20, which runs north and south. The driveway leads only to the Byrons' residence. According to the evidence, the house is approximately a "little drive" or less than a quarter of a mile from County Road 20A. The land is fenced and gated, although the gate between the private driveway and County Road 20A was not closed when appellant entered. Mrs. Byron testified that no portion of her property is situated on county property.

At approximately 10:30 p.m. on September 23, 1998, when Byron and her daughter were home alone, the dogs began barking and Byron heard loud music. When she looked outside, she noticed appellant's car in her driveway with the door open and heard a knock at her door. Although she refused to open the door, she saw appellant walk from the front door to the back door. He eventually opened the screen door to the back door and wiggled the knob. She pulled a curtain back from the door's small window and spoke with appellant through the door, who explained that he was lost and needed directions. At that time, she thought that he was drunk and asked him to leave. After appellant returned to his car and drove away, she phoned friends in Allenreed to notify them about what had occurred. While she was on the phone, she heard appellant honking the horn of his car and then knocking on her door again. Apparently, while attempting to leave, he backed his car into a high embankment that raised the rear tires of his car off the driveway. Her friends in Allenreed called 911 to report the incident.

Responding to a burglary in progress call, Gray County Sheriff Deputy Larry Wallis arrived at the Byron residence and observed appellant sitting in his car, which was stranded on top of a four-foot high embankment. Wallis approached appellant and asked him to exit the car. When Wallis opened the driver's side door, he

smelled a strong odor of alcohol and had to assist appellant in steadying himself. Based on his experience and training, Wallis was of the opinion that appellant was intoxicated. He detained appellant and read him his rights. Wallis then approached the house to investigate what had occurred.

Shortly thereafter, Donley County Sheriff Deputy Charles Blackburn, Jr. arrived at the Byron residence in response to a burglary call and appellant was placed in his patrol car. Blackburn noticed a strong odor of alcohol and that appellant's speech was slurred and he was unsteady, leading him to believe appellant was intoxicated. Blackburn drove appellant to the Donley County Sheriff's Department in Clarendon and gave appellant his statutory warnings and asked him to take an intoxilizer test. Appellant refused the test and admitted he was drunk. Appellant was indicted and convicted of driving while intoxicated.

By his sole issue, appellant contends the evidence is legally and factually insufficient to support his conviction. We agree. When both the legal and factual sufficiency of the evidence are challenged, we must first determine whether the evidence is legally sufficient to support the verdict. *Clewis v. State*, 922 S.W.2d 126, 133 (Tex.Cr.App.1996). It is a fundamental rule of criminal law that one cannot be convicted of a crime unless it is shown beyond a reasonable doubt that the defendant committed each element of the alleged offense. U.S. Const. amend. XIV; Tex.Code Crim. Proc. Ann. art. 38.03 (Vernon 2000); Tex. Pen.Code Ann. § 2.01 (Vernon 1994). In conducting a legal sufficiency review, we must determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*,

443 U.S. 307, 318, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); *Geesa v. State*, 820 S.W.2d 154, 157 (Tex.Cr.App.1991), *overruled on other grounds, Paulson v. State*, 28 S.W.3d 570, 573 (Tex.Cr.App. 2000). As an appellate court, we may not sit as a thirteenth juror, but must uphold the jury's verdict unless it is irrational or unsupported by more than a mere modicum of evidence. *Moreno v. State*, 755 S.W.2d 866, 867 (Tex.Cr.App.1988).

After conducting a legal sufficiency review under *Jackson*, we may proceed with a factual sufficiency review. *Clewis*, 922 S.W.2d at 133. As an appellate court, we view all the evidence without the prism of "in the light most favorable to the prosecution" and set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Johnson v. State*, 23 S.W.3d 1, 9 (Tex.Cr.App.2000). It is the exclusive province of the jury to determine the credibility of the witnesses and the weight to be given their testimony, and unless the record demonstrates a different result is appropriate, we must defer to the jury's determination. *Id.* at 8.

Before determining whether the evidence is legally sufficient to sustain the conviction, we must review the essential elements the State was required to prove. A person commits the offense of driving while intoxicated if the person is intoxicated while *operating a motor vehicle in a public place*. Tex. Pen.Code Ann. § 49.04(a) (Vernon Supp.2001). "Public place" is any place to which the public or a substantial group of the public has access and includes, but is not limited to, streets, highways, and the common areas of schools, hospitals, apartment houses, office buildings, transport facilities, and shops. Tex. Pen.Code Ann. § 1.07(a)(40) (Vernon

1994).[1] Appellant challenges the "public place" element of the offense arguing that Byron's driveway is private property.

A private residence is not a public place, nor has a driveway of a private residence ever been construed as such. *Commander v. State*, 748 S.W.2d 270, 271 (Tex.App.— Houston [14th Dist.] 1988, no pet.). Relying on *State v. Nailor*, 949 S.W.2d 357, 359 (Tex.App.—San Antonio 1997, no pet.), the State contends that Byron's driveway is a "public road" because (1) it is accessible to anyone, (2) is maintained by Donley County employees and equipment, (3) is not posted, and (4) is not blocked by closed gates. County maintenance of property does not alter the character of private property nor give the public a right to use a private road. *Cf. Guelker v. Hidalgo County Water Improv. Dist. No. 6*, 269 S.W.2d 551, 555 (Tex.Civ.App.—San Antonio 1954, writ ref'd n.r.e.). Also, Deputy Wallis's testimony that he believed the Byron driveway was a "public road" because it was maintained by the county was struck from the record and the jury was instructed to disregard it. Further, the property was fenced and the entrance to the driveway from the county road was gated. The issue in *Nailor* was determining whether a place is "public" by asking whether the public can enter the premises. Nailor had been arrested for driving while intoxicated in a Holiday Inn parking lot that was open to the public 24 hours a day. The evidence also showed that Holiday Inn advertised and rented monthly parking permits and in fact, solicited the public to use the lot. Thus, *Nailor* is not controlling and we decline to extend it to the facts presented here.

Byron testified that the driveway is not located on county property and is not synonymous with County Road 20A. She also testified that appellant's car never made it back to County Road 20A, but remained in the driveway after hitting the embankment. According to her testimony, the driveway is not open to the public and does not lead to any other place. We conclude that the private driveway to this rural residence in an isolated and secluded area of Donley County is not a "public place" as contemplated by section 1 .07(a)(40) of the Texas Penal Code.

Although it is reasonable to infer that appellant traveled on a public road to arrive at Byron's private driveway, *see Loera v. State*, 14 S.W.3d 464, 468 (Tex.App.— Dallas 2000, no pet.), the State did not attempt to establish when appellant entered the Byron driveway or his state of intoxication at that time by (1) questions to Mrs. Byron as to when she last drove on the driveway, (2) evidence that appellant or his car had been seen by others elsewhere before the incident, (3) any evidence of appellant's conduct on the day of his arrest before he knocked on the door of the Byron residence that evening or otherwise. The fact that the dogs started barking when appellant got out of his car and knocked on the front door does not establish the time appellant entered the private drive nor his state of intoxication at that time. Deputy Wallis testified that as he approached Byron's property that night he observed appellant's car positioned crossways in the driveway with the back end of the car approximately four feet high on an embankment. However, he admitted that he never saw appellant operate his car that night. Likewise, Deputy Blackburn testi-

---

**1.** Prior to 1983, the statutory definition of driving while intoxicated was limited to operating a motor vehicle on a public road or highway. In 1983, the statute was amended to provide driving while intoxicated in any public place. Act of May 17, 1953, 53rd Leg., R.S., ch. 167, 1953 Tex. Gen. Laws 480, *amended by*, Act of May 27, 1983, 68th Leg., R.S., ch. 303, § 3, 1983 Tex. Gen. Laws 1575.

fied that when he arrived on the scene he saw appellant's car on top of an embankment in Byron's driveway and not on any county roads. He never saw appellant drive or operate his car that evening. Therefore, there is a complete lack of evidence to show that while intoxicated, appellant traveled on a public road en route to the Byron's driveway.

Based on the foregoing, we conclude the State did not prove beyond a reasonable doubt that while intoxicated, appellant operated a motor vehicle in a "public place." Pursuant to *Jackson*, the evidence is legally insufficient to support appellant's conviction and we need not address appellant's alternative contention that the evidence is factually insufficient to support his conviction. Appellant's sole issue is sustained.

Accordingly, the judgment of the trial court is reversed and a judgment of acquittal is hereby rendered. *See* Tex.R.App. P. 51.2(d).