NO. 07-01-0393-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 9, 2002

_____

MARION D. JONES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2001-435,869; HONORABLE CECIL PURYEAR, JUDGE

_____

Before BOYD, C.J., and QUINN and REAVIS, JJ.

Upon a plea of not guilty, appellant Marion D. Jones was convicted by a jury of assault on a public servant, enhanced, and the trial court assessed punishment at ten years confinement. By a single issue, appellant contends the trial court erred by not allowing evidence that one of the State's witnesses was on deferred adjudication community supervision when he testified. By reply brief, the State candidly concedes error, and acknowledges that under Maxwell v. State, 48 S.W.3d 196, 200 (Tex.Cr.App. 2001),

appellant should have been granted unlimited cross-examination of this witness. However, it contends the error was harmless. Reviewing the record as required by TEX. R. APP. P. 44.2(a), we conclude the judgment must be reversed.

Appellant attempted to leave a Family Dollar store in Lubbock, Texas, without purchasing any merchandise when she was stopped by the store manager on suspicion of shoplifting. Appellant accompanied the manager to his office, where he called the police. When the responding officer arrived he was unable to converse with the store manager because of appellant's interruptions, profanity, and threats to sue the store. As instructed by the officer, appellant sat down, but continued her profanity and interruptions. Because of safety concerns, the officer handcuffed appellant, at which time she began slamming herself into a wall. The State contends that as the officer attempted to restrain appellant, she kicked the officer on his legs several times.

The responding officer, the store manager, and a former store employee were called as witnesses by the State to prove the offense charged in the indictment. At the conclusion of his direct examination, the prosecutor requested and was granted the opportunity to examine the former store employee outside the jury's presence. On the State's voir dire, the witness acknowledged he was on community supervision for an offense, but stated he had not been promised anything in exchange for his testimony. Upon examination by appellant's counsel, the witness acknowledged he would be under community supervision until September 2002. Appellant argued for the right to

2

cross-examine the witness in front of the jury on the status of his deferred adjudication in order to show a potential motive, bias or interest to testify for the State. Notwithstanding appellant's argument, the trial court announced

> With regard to the matter before the Court, the Court finds that [the witness] has not been finally convicted of a felony in this cause, and will deny the request to go into the deferred adjudication.

> And I'll allow you to carry a running objection to . . . those matters.

Relying on Davis v. Alaska, 415 U.S. 308, 315, 94 S.Ct. 1105, 1110, 39 L.Ed.2d 347, 353 (1974), appellant argues the trial court's exclusion of evidence that a State's witness was on deferred adjudication violated his right to cross-examine and confront the witness. The erroneous denial of the right of confrontation of witnesses is "constitutional error of the first magnitude and no amount of showing of want of prejudice [will] cure it." Parker v. State, 657 S.W.2d 137, 139 (Tex.Cr.App. 1983) (en banc). The State concedes the limitation placed on appellant's cross-examination was error, but contends that under *Maxwell*, it is subject to a harmless error analysis. The State agrees our review is governed by TEX. R. APP. P. 44.2(a) which provides we

> must reverse a judgment of conviction or punishment unless the court determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment.

Under TEX R. APP. P. 44.2(a) the State carries the burden to show beyond a reasonable doubt that the error made no contribution to the verdict. Crosson v. State, 36

3

S.W.3d 642, 645 (Tex.App.–Houston [1st Dist.] 2000, no pet.) (citing Williams v. State, 958 S.W.2d 186, 194 n.9 (Tex.Cr.App.1997); Merritt v. State, 982 S.W.2d 634, 636 (Tex.App.–Houston [1st Dist.] 1998, pet. ref'd, untimely filed). In our analysis of the error, we consider five factors: (1) the importance of the witness's testimony in the prosecution of the case; (2) whether the testimony was cumulative; (3) the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points; (4) the extent of cross-examination otherwise permitted; and (5) the overall strength of the prosecution's case. Shelby v. State, 819 S.W.2d 544, 547 (Tex.Cr.App.1991) (en banc).

We commence our analysis by observing appellant was not charged with resisting arrest under TEX. PEN. CODE ANN. § 38.03 (Vernon Supp. 2002), and resisting arrest is not a lesser included offense of assault on a public servant. *See* TEX. PEN. CODE ANN. § 22.01 (Vernon Supp. 2002); *see also* Lofton v. State, 45 S.W.3d 649 (Tex.Cr.App. 2001). The State called only three witnesses to establish the conduct of appellant, to-wit: (1) the responding officer; (2) the store manager who initiated appellant's detention; and (3) the former store employee who was subject to deferred adjudication community supervision.

**Factors 2, 3, and 4**

Although the former store employee's testimony was (2) somewhat cumulative, (3) other corroborating evidence existed, and (4) cross-examination of the witness was not otherwise limited, these three factors do not completely control the issue or preclude further analysis.

4

**Factors 1 and 5**

Our analysis of factors one and five requires us to consider the law included in the court's charge: namely, that the jurors were the sole judges of the facts proved, credibility of the witnesses, and weight to be given their testimony. Civil case law acknowledges that testimony of a disinterested witness undoubtedly carries more weight over similar testimony from an interested witness. *See* Tinkle v. Henderson, 777 S.W.2d 537, 539 (Tex.App.–Tyler 1989, writ denied). Although a civil assault case, in Boothe v. Hausler, 766 S.W.2d 788 (Tex. 1989), the Court held that as the only non-party not assaulted, a witness was disinterested and therefore his testimony was dispositive on the material issue. Here, the testimony and opportunity to unrestricted cross-examination takes on considerably more importance because of the constitutional implications in this case not presented in civil cases.

**Importance of the Witness's Testimony To State**

Over one month before trial, appellant's counsel filed a motion requesting the State list and furnish the criminal history of its witnesses. Notwithstanding appellant's request, the State called the witness and contended that he was not subject to cross-examination about his status on deferred adjudication because the prosecutor made no threats to secure his testimony. From the State's vigorous protection of this witness from unlimited cross-examination, we can infer the State considered his testimony to be important.

## Overall Strength of State's Case

The officer did not require any medical attention,[1] and no "bodily injury" was visible. Further, the testimony of the officer and the store manager was enhanced by the limited testimony of the former store employee, ostensibly a disinterested witness. However, endeavoring to determine the strength of the State's case given unlimited cross-examination of the former store employee by defense counsel would require us to assume the jury's role of determining the credibility and weight to be given witness testimony. Unlimited cross-examination would have revealed to the jury that the former store employee was not completely disinterested, and he did in fact have a potential motive, bias, or interest to testify for the State. Evaluating such potential motives or bias falls within the exclusive province of the jury. Fowler v. State, 65 S.W.3d 116, 118 (Tex.App.–Amarillo 2001, no pet.).

Similar to the court in *Shelby,* 819 S.W.2d at 551, our final step requires us to determine, in light of the foregoing examination, whether the error was harmless beyond a reasonable doubt, and whether the State met its burden of proof. The State argues in the absence of any evidence the witness's probation status was in jeopardy, the damaging impact of the excluded evidence was minimal, and the error harmless. The State's contention that any impact of the excluded evidence was "minimal" suggests we are to measure whether the harm was significant, or merely some harm. However, the rule

---

[1]Emergency Medical Service personnel provided an ice pack only.

6

makes no such distinction. Moreover, this contention overlooks the rule that it is the exclusive province of the jury to determine the credibility of the witnesses and the weight to be given their testimony. *Fowler*, 5 S.W.3d at 118. Therefore, the jury should determine whether testimony was influenced by inherent coercion or intimidation. In this case, the jury was deprived of the opportunity to make such a determination because of the limitations placed upon cross-examination of the former store employee. We cannot say this testimony, inaccurately represented to the jury as disinterested witness testimony, beyond a reasonable doubt did not contribute to the conviction.

Considering the foregoing, and because the testimony was represented as being from a disinterested witness, we accept the proposition that his testimony would normally be accorded more credibility than the testimony of either the officer or the store manager. Therefore, we are unable to conclude the error was harmless beyond a reasonable doubt. Appellant's sole issue is sustained.

Accordingly, the judgment of the trial court is reversed and the cause is remanded for a new trial.

Don H. Reavis
Justice

Quinn, J., dissenting.

Publish.

7