NO. 07-02-0375-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



NOVEMBER 26, 2002



______________________________




TARA SHAREE JOHNSON, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;



NO. 40,305-D; HONORABLE DON EMERSON, JUDGE



_______________________________



Before REAVIS and JOHNSON, JJ., and BOYD, S.J. (1)

 On September 10, 2002, a copy of a Notice of Appeal in cause No. 40305-D in the
320th District Court of Potter County, Texas (the trial court), was filed with the clerk of this
court (the appellate clerk). The document filed gives notice that appellant Tara Sharee
Johnson desires to appeal from a conviction and sentence in such court and cause
number. On September 16, 2002, an appellate docketing statement was filed which sets
out that the appeal is from a judgment or order dated August 15, 2002. 

 On October 15, 2002, a request for extension of time for filing the clerk's record was
filed with the appellate clerk. By such request, the District Clerk of Potter County (the trial
court clerk) advised that the clerk's record had not been paid for and that appellant had
made no arrangements to pay for the record. An extension of time was granted for filing
the clerk's record until November 13, 2002. The clerk's record has not been filed. 

 On November 14, 2002, the appellate clerk received a notice from the trial court
clerk that the clerk's record has not been paid for, and that the record will not be forwarded
to the appellate court for filing. The appellate clerk's record reflects no other action by any
party to the appeal to prosecute the appeal. 

 Accordingly, this appeal is abated and the cause is remanded to the trial court. Tex.
R. App. P. 37.3(a)(2). Upon remand, the judge of the trial court is directed to immediately
cause notice to be given of and to conduct a hearing to determine: (1) whether appellant
desires to prosecute this appeal; (2) if appellant desires to prosecute this appeal, then
whether appellant is indigent; (3) if appellant desires to prosecute this appeal, whether
appellant is entitled to have the clerk's record and a reporter's record furnished without
charge; and (4) what orders, if any, should be entered to assure the filing of appropriate
notices and documentation to dismiss appellant's appeal if appellant does not desire to
prosecute this appeal, or, if appellant desires to prosecute this appeal, to assure that the
clerk's record and the reporter's record will be promptly filed and that the appeal will be
diligently pursued. 

 The trial court is directed to: (1) conduct any necessary hearings; (2) make and file
appropriate findings of fact, conclusions of law and recommendations, and cause them to
be included in a clerk's record on remand; (3) enter any orders appropriate to the
circumstances; (4) cause the hearing proceedings to be transcribed and included in a
reporter's record; and (5) have a record of the proceedings made to the extent any of the
proceedings are not included in the supplemental clerk's record or the reporter's record. 
In the absence of a request for extension of time from the trial court, the clerk's record on
remand, reporter's record of the hearing and proceedings pursuant to this order, and any
additional proceeding records, including any orders, findings, conclusions and
recommendations, are to be sent so as to be received by the clerk of this court not later
than December 31, 2002. 

 

 Per Curiam

Do not publish.


1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment.


tyle="font-size: 12pt">THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 51,842-E; HONORABLE ABE LOPEZ, JUDGE
_______________________________


Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
MEMORANDUM OPINION
          Appellant Toby Dean Phillips appeals from his conviction by jury for failure to comply
with sex offender registration requirements and the resulting sentence of seven years’
confinement. In his sole point of error, appellant challenges the legal sufficiency of the
evidence to support his conviction. We affirm.
          Appellant was charged by an indictment that alleged he was required to register with
Amarillo law enforcement authority because of his “reportable conviction” for aggravated
sexual assault of a child, and that he intentionally, knowingly or recklessly failed to “update
his change of address as required by article 62.102 of the Texas Code of Criminal
Procedure.”


 The indictment also alleged two prior convictions for sex offender registration
violations. 
          At trial, appellant plead not guilty, and the State presented evidence that appellant
failed to comply with the requirements set forth in article 62.055 of the Code of Criminal
Procedure.


 The State’s evidence consisted of the testimony of two witnesses, an
employee of an Amarillo motel and an Amarillo police detective, and a written statement
appellant gave the detective. Appellant took the stand in his own defense.
          Appellant’s sufficiency challenge on appeal focuses on the “time element” of the
evidence. Specifically, appellant contends the State did not show beyond a reasonable
doubt that appellant failed to take any action required by article 62.055 within the time
period specified in that statute. We disagree.
          Evidence showed that appellant had registered his address


 as that of the motel
located on Amarillo Boulevard. He correctly notes that the motel employee testified she
asked appellant to leave the motel after the first of September 2005, but was unsure of the
exact date of his departure.


 We find, however, that the sufficiency of the State’s evidence
does not depend on the establishment of the date appellant moved from the motel. The
detective testified to a telephone conversation with appellant on September 30, in which
appellant told him he was “moving in today at 905 South Mississippi.” Testimony also
established that appellant did not report in person to provide proof of residence at that
address until October 10, after the detective came to the residence on October 6. 
           Appellant testified to more frequent contact with Amarillo police department
personnel than was reflected in the detective’s testimony, and described his efforts to
maintain compliance with the sex offender registration requirements.
          In conducting a legal sufficiency review, we must determine whether, after reviewing
the evidence in the light most favorable to the verdict, any rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia,
443 U.S. 307, 318-19, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); McKinney v. State, 207
S.W.3d 366, 374 (Tex.Crim.App. 2006); Fowler v. State, 65 S.W.3d 116, 118
(Tex.App.–Amarillo 2001, no pet.). As fact finder, the jury is the exclusive judge of the
credibility of witnesses and the weight to be afforded to their testimony. Chambers v. State,
805 S.W.2d 459 (Tex.Crim.App. 1991). The jury is free to accept one version of the facts,
reject another, or reject all or any of a witness's testimony. Id. We must uphold the jury’s
verdict against a legal sufficiency challenge unless it is irrational or unsupported by more
than a mere modicum of evidence. Fowler, 65 S.W.3d at 118 (citing Moreno v. State, 755
S.W.2d 866, 867 (Tex.Crim. App. 1988)). 
 
          Article 62.055(a) provides, in relevant part, that a person required to register under
Chapter 62 who changes address shall, not later than the later of the seventh day after
changing the address or the first date the applicable law enforcement authority by policy
allows the person to report, report in person to the local law enforcement authority in the
municipality or county in which the person’s new residence is located and provide the
authority with proof of identity and proof of residence. Tex. Code Crim. Proc. Ann. art.
62.055(a) (Vernon 2005) (emphasis added). 
          The detective testified the Amarillo police department allows registrants to make in-person reports each weekday. The seventh day after September 30, 2005, was Friday,
October 7. As noted, appellant reported in person and provided the required proof of
residence on October 10. Viewed in the light most favorable to the verdict, we conclude the
evidence would permit a rational trier of fact to find beyond a reasonable doubt that
appellant failed to comply with the requirements of article 62.055(a).


 The evidence is
legally sufficient. Appellant’s issue is overruled, and the trial court’s judgment is affirmed. 


James T. Campbell

                                                                                             Justice

 
Do not publish.