NO. 07-06-0406-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



OCTOBER 10, 2007


______________________________



DAVID RUBEN SALAZAR, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;



NO. 51,769-A; HONORABLE HAL MINER, JUDGE


_______________________________




Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 Appellant David Ruben Salazar appeals his conviction for the offense of aggravated
sexual assault of a child and the jury-assessed punishment of ten years confinement in the
Institutional Division of the Texas Department of Criminal Justice. Agreeing with appointed
counsel's conclusion the record fails to show any meritorious issue which would support
the appeal, we affirm the trial court's judgment. 

 The complainant was appellant's stepdaughter A.M. In May 2005, when A.M. was
fourteen years old, A.M. told her aunt that appellant had sexually touched her and had
sexual intercourse with her from the time she was eight or nine years old until she was
eleven or twelve. After a report to police, A.M. was examined by a sexual assault nurse.

 By a November 2005 indictment, appellant was charged with aggravated sexual
assault of a child under the age of fourteen years. (1) At the close of pretrial motions,
appellant pled not guilty and the matter proceeded to trial in September 2006. 

 At trial, the jury heard testimony from four State witnesses, including the victim, A.M. 
The defense presented three witnesses. During jury deliberations, the jury reported it was
unable to reach a verdict. Following an "Allen charge" (2) from the court, the jury returned a
unanimous verdict of guilty.

 Appellant's appointed counsel has filed a motion to withdraw and a brief in support
pursuant to Anders v. California, 386 U.S. 738, 744-745, 87 S.Ct. 1396, 18 L.Ed.2d 493
(1967), in which he certifies that he has carefully reviewed the record and, in his
professional opinion, under the controlling authorities and facts of this case, there is no
reversible error or legitimate grounds upon which a non-frivolous appeal can arguably be
predicated. The brief discusses the procedural history of the case and sets forth a detailed
recitation of the evidence produced at trial. Counsel has certified that a copy of the motion
to withdraw has been served on appellant and he has informed appellant of his right to file
a petition for discretionary review as required by Ex Parte Owens, 206 S.W.3d 670
(Tex.Crim.App. 2006). Tex. R. App. P. 48.4. Appellant has acknowledged notice by
counsel of his right to review the record and file a pro se response. Johnson v. State, 885
S.W.2d 641, 645 (Tex.App.--Waco 1994, pet. ref'd). By letter, this Court also notified
appellant of his opportunity to submit a response to the Anders brief and motion to
withdraw filed by his counsel. The State has not filed a brief. Appellant has filed a pro se
response raising three issues.

 In conformity with the standards set out by the United States Supreme Court, we will
not rule on the motion to withdraw until we have independently examined the record. 
Nichols v. State, 954 S.W.2d 83, 86 (Tex.App.--San Antonio 1997, no pet.). If this Court
determines the appeal has merit, we will remand it to the trial court for appointment of new
counsel. Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App.1991).

 Appellant's response first challenges the legal and factual sufficiency of the
evidence to support his conviction. The indictment charged that appellant, on or about
June 1, 2003, intentionally and knowingly caused his sexual organ to penetrate the female
sexual organ of [A.M.], a child who was then and there younger than 14 years of age. 

 A legal sufficiency review determines whether, after review of the evidence in the
light most favorable to the State, any trier of fact could have found the essential elements
of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318-19 (1979);
Fowler v. State, 65 S.W.3d 116, 118 (Tex.App.-Amarillo 2001, no pet.). All the evidence
is reviewed, but evidence that does not support the verdict is disregarded. See, e.g.,
Chambers v. State, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991). The jury's verdict is
upheld unless it is irrational or unsupported by more than a mere modicum of evidence. 
Fowler, 65 S.W.3d at 118 (citing Moreno v. State, 755 S.W.2d 866, 867 (Tex. Crim. App.
1988)).

 Evidence supporting guilt, though legally sufficient, may be factually insufficient
because it is so weak that the jury's verdict seems clearly wrong and manifestly unjust, or 
because evidence contrary to the verdict is such that the jury's verdict is against the great
weight and preponderance of the evidence. Marshall v. State, 210 S.W.3d 618, 625
(Tex.Crim.App. 2006); Watson v. State, 204 S.W.3d 404, 414-15 (Tex.Crim.App. 2006);
Johnson v. State, 23 S.W.3d 1, 11 (Tex.Crim.App. 2000). When there is a conflict in the
evidence, to find the evidence factually insufficient, an appellate court must first be able
to say, with some objective basis in the record, that the great weight and preponderance
of all the evidence contradicts the jury's verdict. Watson, 204 S.W.3d at 417. 

 The State's four witnesses were the Amarillo police officer who took A.M.'s initial
complaint, A.M., A.M.'s aunt and the sexual assault nurse examiner. A.M. was sixteen at
the time of trial. Her testimony about appellant's sexual contact with her was not especially
detailed, but did include direct statements that on various occasions, appellant put his
penis in her vagina. 

 The nurse examiner testified regarding her examination of A.M. and the report she
created regarding A.M. The report, which was admitted without objection, also recited
A.M.'s statement that appellant "raped" her when she was younger, providing additional
details. The nurse testified that all of her findings were consistent with A.M.'s history,
consistent with what A.M. told her, and consistent with multiple penetrations of A.M. 

 Appellant's trial counsel offered the testimony of A.M.'s stepmother, A.M.'s mother
and A.M.'s grandmother. Each of these witnesses expressed disbelief of A.M.'s
allegations. While some asserted that appellant lacked the opportunity to commit the
offenses A.M. alleged, none presented direct evidence contrary to the verdict. 

 The jury is the exclusive judge of the credibility of witnesses and of the weight to
be given their testimony. Wyatt v. State, S.W.3d 18, 30 (Tex.Crim.App. 2000) (citing
Barnes v. State, 876 S.W.2d 316, 321 (Tex.Crim.App. 1994)). Likewise, "reconciliation of
conflicts in the evidence is within the exclusive province of the jury." Id. (citing Losada v.
State, 721 S.W.2d 305, 309 (Tex.Crim.App. 1986)). The jury may choose to believe some
testimony and disbelieve other testimony. Id. The jury's apparent belief of the testimony
of the State's witnesses does not raise an arguably meritorious issue concerning the legal
and factual sufficiency of the evidence supporting the jury's verdict. 

 Neither does the record raise an arguably meritorious issue with regard to the jury's
assessment of punishment. Pursuant to the Penal Code, (3) an individual adjudged guilty of
a first degree felony, as here, is to be punished by imprisonment for life or for any term of
not more than 99 years or less than five years. Further, a fine may be imposed in an
amount not greater than $10,000. The jury assessed punishment against appellant at ten
years, well within the statutory range. ' '
 ' 
 
 
 ' 
   - 
 ' 
 
 
 
 
   
 - ' ' 
 - 
 ' 
 " " 
 
 ' 
- 
 
 
 
 
 
 
 
 
 
 - ' 
 Our review convinces us that appellate counsel conducted a complete analysis of
the record. We have also made an independent examination of the record to determine
whether there are any non-frivolous grounds on which an appeal could arguably be
founded. Penson v. Ohio, 488 U.S. 75 (1988); Stafford, 813 S.W.2d at 511. We agree it
presents no meritorious issue which would support an appeal. Accordingly, we grant
counsel's motion to withdraw and we affirm the judgment of the trial court. 

 

 James T. Campbell

 Justice





Do not publish.


1. See Tex. Pen. Code Ann. § 22.021 (Vernon 2007). 
2. Allen v. United States, 164 U.S. 492 (1896).
3. Tex. Pen. Code Ann. § 12.32 (Vernon 1994).


deadly force
to protect his own property and the actor reasonably believes the unlawful interference
constitutes attempted or consummated theft of the tangible, moveable property, or the
actor reasonably believes that "the third person whose land or property he uses force or
deadly force to protect is the actor's spouse, parent, or child, or resides with the actor, or
is under the actor's care." Id. §9.43. 

 Under this record, it is uncontradicted that appellant had burglarized Vin's father's
store and during the time in question, he was fleeing the scene of that burglary. It is also
uncontroverted that he was pursued by Vin and his companions. In the course of that
pursuit, appellant drove his car to a place from which he could not extricate it. He vacated
the car, and was pursued by Vin and his companions on foot. Under the law, in order to
be entitled to use deadly force, appellant must have reasonably believed that use of that
sort of force was immediately necessary to protect himself.

 Although appellant contends that the use by him of the knife with a three-inch blade
to stab Isaac was justified because deadly force was being used against him, we disagree. 
While the evidence does show that his pursuers were swinging their belts with one of them
swinging a battery cable, it does not contain a more detailed description of them. Neither 
the belts nor the battery cable was a deadly weapon per se. The belts were described as
"traditional with the little thing that sticks into the hole, typical belt buckle," or "a lot of belt,
but it had a small buckle, that's all." That being true, and acting within its permissible
discretion as the determiner of the facts, the jury would not have exceeded that discretion
in concluding that appellant's pursuers were not in unlawful pursuit of appellant or in
concluding that the force used by them was not of a nature that threatened death or
serious bodily injury. That being true, it did not err in its obvious rejection of appellant's
self-defense claim. Although appellant does not specifically challenge the sufficiency of
the evidence otherwise to sustain his conviction, we have carefully reviewed it and find it
to be sufficient. 

 Accordingly, appellant's point of error is overruled, and the judgment of the trial court
is affirmed. 

 John T. Boyd

 Senior Justice 


Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2006).