NO. 07-06-0406-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



JANUARY 23, 2008


______________________________



DAVID RUBEN SALAZAR, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;



NO. 51,769-A; HONORABLE HAL MINER, JUDGE


_______________________________




Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 After reviewing appellant's petition for discretionary review, we withdraw our
opinion of October 10, 2007 and substitute this opinion in its place. See Tex. R. App.
P. 50. 

 Appellant David Ruben Salazar appeals his conviction for the offense of
aggravated sexual assault of a child and the jury-assessed punishment of ten years
confinement in the Institutional Division of the Texas Department of Criminal Justice. 
Agreeing with appointed counsel's conclusion the record fails to show any meritorious
issue which would support the appeal, we affirm the trial court's judgment. 

 The complainant was appellant's stepdaughter A.M. In May 2005, when A.M. was
fourteen years old, A.M. told her aunt that appellant had sexually touched her and had
sexual intercourse with her from the time she was eight or nine years old until she was
eleven or twelve. After a report to police, A.M. was examined by a sexual assault nurse.

 By a November 2005 indictment, appellant was charged with aggravated sexual
assault of a child under the age of fourteen years. (1) At the close of pretrial motions,
appellant pled not guilty and the matter proceeded to trial in September 2006. 

 At trial, the jury heard testimony from four State witnesses, including the victim,
A.M. The defense presented three witnesses. During jury deliberations, the jury
reported it was unable to reach a verdict. Following an "Allen charge" (2) from the court,
the jury returned a unanimous verdict of guilty.

 Appellant's appointed counsel has filed a motion to withdraw and a brief in support
pursuant to Anders v. California, 386 U.S. 738, 744-745, 87 S.Ct. 1396, 18 L.Ed.2d 493
(1967), in which he certifies that he has carefully reviewed the record and, in his
professional opinion, under the controlling authorities and facts of this case, there is no
reversible error or legitimate grounds upon which a non-frivolous appeal can arguably
be predicated. The brief discusses the procedural history of the case and sets forth a
detailed recitation of the evidence produced at trial. Counsel has certified that a copy of
the motion to withdraw has been served on appellant and he has informed appellant of
his right to file a petition for discretionary review as required by Ex Parte Owens, 206
S.W.3d 670 (Tex.Crim.App. 2006). Tex. R. App. P. 48.4. Appellant has acknowledged
notice by counsel of his right to review the record and file a pro se response. Johnson
v. State, 885 S.W.2d 641, 645 (Tex.App.--Waco 1994, pet. ref'd). By letter, this Court
also notified appellant of his opportunity to submit a response to the Anders brief and
motion to withdraw filed by his counsel. The State has not filed a brief. Appellant has
filed a pro se response raising three issues.

 In conformity with the standards set out by the United States Supreme Court, we
will not rule on the motion to withdraw until we have independently examined the record. 
Nichols v. State, 954 S.W.2d 83, 86 (Tex.App.--San Antonio 1997, no pet.). If this Court
determines the appeal has merit, we will remand it to the trial court for appointment of
new counsel. Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App.1991).

 Appellant's response first challenges the legal and factual sufficiency of the
evidence to support his conviction. The indictment charged that appellant, on or about
June 1, 2003, intentionally and knowingly caused his sexual organ to penetrate the
female sexual organ of [A.M.], a child who was then and there younger than 14 years of
age. 

 A legal sufficiency review determines whether, after review of the evidence in the
light most favorable to the State, any trier of fact could have found the essential
elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307,
318-19 (1979); Fowler v. State, 65 S.W.3d 116, 118 (Tex.App.-Amarillo 2001, no pet.). 
All the evidence is reviewed, but evidence that does not support the verdict is
disregarded. See, e.g., Chambers v. State, 805 S.W.2d 459, 461 (Tex.Crim.App. 1991).
The jury's verdict is upheld unless it is irrational or unsupported by more than a mere
modicum of evidence. Fowler, 65 S.W.3d at 118 (citing Moreno v. State, 755 S.W.2d
866, 867 (Tex.Crim.App. 1988)).

 Evidence supporting guilt, though legally sufficient, may be factually insufficient
because it is so weak that the jury's verdict seems clearly wrong and manifestly unjust,
or because evidence contrary to the verdict is such that the jury's verdict is against the
great weight and preponderance of the evidence. Marshall v. State, 210 S.W.3d 618,
625 (Tex.Crim.App. 2006); Watson v. State, 204 S.W.3d 404, 414-15 (Tex.Crim.App.
2006); Johnson v. State, 23 S.W.3d 1, 11 (Tex.Crim.App. 2000). When there is a
conflict in the evidence, to find the evidence factually insufficient, an appellate court must
first be able to say, with some objective basis in the record, that the great weight and
preponderance of all the evidence contradicts the jury's verdict. Watson, 204 S.W.3d
at 417. 

 The State's four witnesses were the Amarillo police officer who took A.M.'s initial
complaint, A.M., A.M.'s aunt and the sexual assault nurse examiner. A.M. was sixteen
at the time of trial. Her testimony about appellant's sexual contact with her was not
especially detailed, but did include direct statements that on various occasions appellant
put his penis in her vagina. 

 The nurse examiner testified regarding her examination of A.M. and the report she
created regarding A.M. The report, which was admitted without objection, also recited
A.M.'s statement that appellant "raped" her when she was younger, providing additional
details. The nurse testified that all of her findings were consistent with A.M.'s history,
consistent with what A.M. told her, and consistent with multiple penetrations of A.M. 

 Appellant's trial counsel offered the testimony of A.M.'s stepmother, A.M.'s mother
and A.M.'s grandmother. Each of these witnesses expressed disbelief of A.M.'s
allegations. While some asserted that appellant lacked the opportunity to commit the
offenses A.M. alleged, the witnesses presented virtually no direct evidence contrary to
the verdict.

 The jury is the exclusive judge of the credibility of witnesses and of the weight to
be given their testimony. Wyatt v. State, S.W.3d 18, 30 (Tex.Crim.App. 2000) (citing
Barnes v. State, 876 S.W.2d 316, 321 (Tex.Crim.App. 1994)). Likewise, "reconciliation
of conflicts in the evidence is within the exclusive province of the jury." Id. (citing Losada
v. State, 721 S.W.2d 305, 309 (Tex.Crim.App. 1986)). The jury may choose to believe
some testimony and disbelieve other testimony. Id. The jury's apparent belief of the
testimony of the State's witnesses does not raise an arguably meritorious issue
concerning the legal and factual sufficiency of the evidence supporting the jury's verdict. (3) 

 Neither does the record raise an arguably meritorious issue with regard to the
jury's assessment of punishment. Pursuant to the Penal Code, (4) an individual adjudged
guilty of a first degree felony, as here, is to be punished by imprisonment for life or for
any term of not more than 99 years or less than five years. Further, a fine may be
imposed in an amount not greater than $10,000. The jury assessed punishment against
appellant at ten years, well within the statutory range. ' '
 ' 
 
 
 ' 
   - 
 ' 
 
 
 
 
   
 - ' '
 - 
 ' 
 " " 
 
 ' 
- 
 
 
 
 
 
 
 
 
 
 - ' 
 Our review convinces us that appellate counsel conducted a complete analysis
of the record. We have also made an independent examination of the record to
determine whether there are any non-frivolous grounds on which an appeal could
arguably be founded. Penson v. Ohio, 488 U.S. 75 (1988); Stafford, 813 S.W.2d at 511.
We agree it presents no meritorious issue which would support an appeal. Accordingly,
we grant counsel's motion to withdraw and we affirm the judgment of the trial court. 

 

 James T. Campbell

 Justice





Do not publish.


1. See Tex. Penal Code Ann. § 22.021 (Vernon 2007). 
2. Allen v. United States, 164 U.S. 492 (1896).
3. Appellant points to the testimony of A.M.'s stepmother, who gave an affirmative
response to a question asking whether she recalled A.M. "telling you that [appellant] tried
to touch her or was touching her, but that he had never actually penetrated her?" As we
have noted, it was the task of the jury to determine the weight to be given this statement
among all the testimony the jury heard.
4. Tex. Penal Code Ann. § 12.32 (Vernon 1994).