NO. 07-06-0118-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 28, 2008
_____

TOBY DEAN PHILLIPS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 51,842-E; HONORABLE ABE LOPEZ, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant Toby Dean Phillips appeals from his conviction by jury for failure to comply with sex offender registration requirements and the resulting sentence of seven years' confinement. In his sole point of error, appellant challenges the legal sufficiency of the evidence to support his conviction. We affirm.

Appellant was charged by an indictment that alleged he was required to register with Amarillo law enforcement authority because of his "reportable conviction" for aggravated sexual assault of a child, and that he intentionally, knowingly or recklessly failed to "update

his change of address as required by article 62.102 of the Texas Code of Criminal Procedure."[1] The indictment also alleged two prior convictions for sex offender registration violations.

At trial, appellant plead not guilty, and the State presented evidence that appellant failed to comply with the requirements set forth in article 62.055 of the Code of Criminal Procedure.[2]   The State's evidence consisted of the testimony of two witnesses, an employee of an Amarillo motel and an Amarillo police detective, and a written statement appellant gave the detective.  Appellant took the stand in his own defense.

Appellant's sufficiency challenge on appeal focuses on the "time element" of the evidence.  Specifically, appellant contends the State did not show beyond a reasonable doubt that appellant failed to take any action required by article 62.055 within the time period specified in that statute.  We disagree.

Evidence showed that appellant had registered his address[3] as that of the motel located on Amarillo Boulevard.  He correctly notes that the motel employee testified she asked appellant to leave the motel after the first of September 2005, but was unsure of the exact date of his departure.[4]  We find, however, that the sufficiency of the State's evidence

---

[1] Tex. Code Crim. Proc. Ann. art. 62.102 (Vernon 2006).

[2] Tex. Code Crim. Proc. Ann. art. 62.055 (Vernon 2005).

[3] *See* Tex. Code Crim. Proc. Ann. art. 62.051 (Vernon 2006) (describing registration requirements).

[4] The detective testified, however, that appellant appeared in person at the police station to register a new address on September 13 and told another officer then that he

does not depend on the establishment of the date appellant moved from the motel. The detective testified to a telephone conversation with appellant on September 30, in which appellant told him he was "moving in today at 905 South Mississippi." Testimony also established that appellant did not report in person to provide proof of residence at that address until October 10, after the detective came to the residence on October 6.

Appellant testified to more frequent contact with Amarillo police department personnel than was reflected in the detective's testimony, and described his efforts to maintain compliance with the sex offender registration requirements.

In conducting a legal sufficiency review, we must determine whether, after reviewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 318-19, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)*; McKinney v. State,* 207 S.W.3d 366, 374 (Tex.Crim.App. 2006); *Fowler v. State,* 65 S.W.3d 116, 118 (Tex.App.–Amarillo 2001, no pet.). As fact finder, the jury is the exclusive judge of the credibility of witnesses and the weight to be afforded to their testimony. *Chambers v. State,* 805 S.W.2d 459 (Tex.Crim.App. 1991). The jury is free to accept one version of the facts, reject another, or reject all or any of a witness's testimony. *Id.* We must uphold the jury's verdict against a legal sufficiency challenge unless it is irrational or unsupported by more than a mere modicum of evidence. *Fowler,* 65 S.W.3d at 118 (*citing Moreno v. State,* 755 S.W.2d 866, 867 (Tex.Crim. App. 1988)).

---

had moved on September 9. Too, appellant's testimony was to the effect he moved on that date.

Article 62.055(a) provides, in relevant part, that a person required to register under Chapter 62 who changes address shall, not later than the later of the seventh day after changing the address or the first date the applicable law enforcement authority by policy allows the person to report, report *in person* to the local law enforcement authority in the municipality or county in which the person's new residence is located *and provide the authority with proof of identity and proof of residence*. Tex. Code Crim. Proc. Ann. art. 62.055(a) (Vernon 2005) (emphasis added).

The detective testified the Amarillo police department allows registrants to make in-person reports each weekday. The seventh day after September 30, 2005, was Friday, October 7. As noted, appellant reported in person and provided the required proof of residence on October 10. Viewed in the light most favorable to the verdict, we conclude the evidence would permit a rational trier of fact to find beyond a reasonable doubt that appellant failed to comply with the requirements of article 62.055(a).[5] The evidence is legally sufficient. Appellant's issue is overruled, and the trial court's judgment is affirmed.

James T. Campbell
Justice

Do not publish.

---

[5] Appellant does not expressly challenge the evidence that his failure to comply with the statute's requirements was accompanied by a culpable mental state. We note, however, that appellant's testimony demonstrated his knowledge of the reporting requirements, and the jury could infer his knowing failure to comply with the requirement of an in-person report from his own testimony and that of the detective. *See Hooper v. State,* 214 S.W.3d 9, 15-16 (Tex.Crim.App. 2007) (discussing inferences from evidence under legal sufficiency test in *Jackson*).

4