Clarence William BREEDEN, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 41810.

Court of Criminal Appeals of Texas.

Feb. 5, 1969.

Rehearing Denied March 26, 1969.

John Mark McLaughlin of Runge, Marschall, Hall & McLaughlin, San Angelo (Court Appointed on Appeal), for appellant.

Gordon Griffin, Jr., Dist. Atty., Brownwood, Royal Hart, Dist. Atty., San Angelo, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

The conviction is for murder; the punishment, ninety-nine years.

Trial was had before a jury on a one stage trial and the appellant filed his application for probation.

It is contended that the trial court erred in failing to quash the indictment in that it alleges two separate and distinct offenses, that is, murder with malice in the first count, and in the second count robbery with firearms, on the ground that it is contrary to the provisions of Art. 21.24, Vernon's Ann.C.C.P., which reads:

"An indictment, information or complaint may contain as many counts charging the same offense as the attorney who prepares it, acting in good faith, may

think necessary to insert, but may not charge more than one offense. An indictment or information shall be sufficient if any one of its counts be sufficient."

It is undisputed that both offenses charged arose out of the same transaction in the robbery and killing of the attendant of a grocery store by the use of a rifle.

In considering Art. 21.24, supra, this court in Vannerson v. State, Tex.Cr.App., 408 S.W.2d 228, said:

"We do not construe this statute as a prohibition against charging several ways in which one offense was committed, or charging more than one offense based upon the same incident, act or transaction."

In Rose v. State, Tex.Cr.App., 427 S.W. 2d 609, this court said:

"An indictment may contain as many counts charging the same transaction as is thought necessary to meet the emergencies under the testimony, that is, to meet the proof as it transpires and prevent a variance."

■ The alleging of the two counts under the facts of this case did not invalidate the indictment. The refusal to quash was not error.

■ Error is urged on the ground that the witness, Wallace, testified that the appellant told her that he had stolen the rifle which he had in his possession over his objection that it revealed another and unrelated offense.

The record reveals in part the following testimony pertaining to the rifle:

"Q All right. Did you ever have an occasion to see him with a rifle there at the house at any time?

"A Yes, sir.

"Q Did he leave it there some?

"A Yes, sir.

"Q Did you ever ask him where he got it?

"A He said he stole it.

"Q What was the caliber, do you know?

"A He said it was a 30.06.

"Mr. McLaughlin: Your Honor, we are going to object to any more hearsay testimony about what this boy told this woman, what she's trying to say.

"The Court: Overrule the objection.

"Mr. Hart: Pardon?

"The Court: I overrule the objection.

"Mr. Hart: Yes, sir.

"Q Now, Betty, if I understand you, did you say that Billy Breeden himself told you that the gun was stolen?

"A Yes, sir.

"Q That he stole it?

"A Yes, sir.

The evidence reveals that the rifle in question was stolen from a residence about ten days before it was used to kill the deceased; and that the appellant had visited in the residence previous to the theft of the rifle.

What the appellant told the witness, Wallace, about the rifle was not inadmissible in evidence as hearsay as urged when the testimony was admitted. No error is presented.

The sixth ground of error is that the trial court "erred in failing to submit to the jury in its first deliberation the issue of innocence or guilt and then, only after a finding of guilty, to admit into evidence competent testimony as to the character of the accused and to allow the jury to retire to consider the proper punishment, as required by Article 37.07 of the Code of Criminal Procedure."

The trial was had beginning October 9, 1967, which was after the amendment to Article 37.07, V.A.C.C.P., effective August

28, 1967, providing for a two stage trial in all criminal cases, other than in Justice or Corporation Court, which are tried before a jury as a plea of not guilty.

No objections were made to the charge submitting the one stage trial on guilt and innocence and punishment to the jury. The first complaint directed to the one stage submission was in the amended motion for new trial.

The judgment recites the following pertaining to the one stage submission:

" * * * both parties announced ready for trial, and thereupon a jury, to-wit, F. H. Lockwood and eleven others, was duly selected, impaneled and sworn, who having heard the indictment read and the defendant's plea of not guilty thereto, and having the evidence submitted, and having been duly charged by the Court on the question of punishment and guilt in one charge, the Defendant having requested said charge be submitted in such manner after the Court was prepared and offered to submit the question of punishment only as provided in Article 37.07 as amended in 1967, the state having consented to such manner of submission, said jury retired in charge of the proper officer to consider of their verdict, * *."

In considering a two stage trial which was not authorized until the 1967 Amendment to the statute (Art. 37.07, supra) which had theretofore provided only for a one stage trial where the plea was not guilty in a capital case in which the death penalty was sought, this court said that it did not deny any constitutional or statutory right when without objection or upon request the two stage trial was had. Williams v. State, Tex.Cr.App., 415 S.W. 2d 917. Although the submission in this case is opposite to that in Williams, it appears that it is applicable here in that there was no objection but a request for a one stage submission. Piraino v. State, Tex. Cr.App., 415 S.W.2d 416. Ground of error Number Six is overruled.

It is insisted that the trial court erred in admitting testimony as to appellant's general reputation given by the state's witnesses Bailey, Chastain and Warick, who were the first three witnesses called by the state at the main trial.

This matter first arose during the examination of the witness, Bailey, as follows:

"Q  Mr. Bailey, are you acquainted with Billy Breeden, the defendant in this case?

"A  I am.

"Q  How long have you known him, sir?

"A  Oh, approximately since I guess he was eleven or twelve years old.

"Q  Are you familiar, sir, with Billy Breeden's general reputation in the community where he lives for being a law abiding citizen?

"A  Yes, sir.

"Q  Hold on.

"Mr. McLaughlin: We object to this, Your Honor.

"The Court: Overrule the objection.

"Mr. McLaughlin: Note our exception."

The testimony of the witnesses Chastain and Warick was substantially the same as that of the witness, Bailey, and the objections were similar.

The only objections to the testimony of the three witnesses were: "We object to this, Your Honor," "Objection Your Honor," and "Same objection." These objections did not specify any reason or ground and are not sufficient to preserve the claim of error for review. The contentions are overruled. 5 Tex.Jur. 2d 68, Sec. 41; Erwin v. State, 171 Tex. Cr.R. 323, 350 S.W.2d 199; Howe v. State, Tex.Cr.App., 380 S.W.2d 615.

It is contended that the trial court "erred in overruling defendant's objection to the question asked and the answer given by the witness, Larry Gallimore, reflecting on the character of the defendant."

To support his contention, the appellant refers to the following testimony of Larry Gallimore:

"Q  All right.  Was the gun offered for sale?

"A  Yes, sir.  It was.

"Q  And who set the price on the gun?

"A  Billy Breeden (appellant) set the price.

"Q  Did he say for what purpose he needed the money?

"A  Yes, sir.  He did.

"Q  What?

"A  He said that he'd been in enough trouble in San Angelo, and he was going to Houston with his daddy.

"Mr. McLaughlin: We object to asking for an answer like that.  That is hearsay, and the rankest sort.

"The Court: Overrule the objection."

 Gallimore's testimony stating what the appellant said as shown above was not inadmissible in evidence as hearsay.  No reversible error is shown.

In ground of error Number Three the appellant contends:

"This Honorable Court erred in allowing the State's attorneys, over the objection of the defendant, to read previous testimony allegedly given before the Tom Green County Grand Jury on or about December 6, 1966 in questioning Defense witnesses, Geraldeen Breeden White and David Breeden."

The witness White is the mother of the appellant.  She testified that she worked at night to support her small children and while working would return often to see about them.  This she did on the night of the commission of the alleged offense.  She testified that she first left home about 8 p. m., and when she returned about 10:30 and 11:30 p. m., the appellant was there.  The cross-examination complained of pertains to the time she told the Grand Jury she left and returned home.  From an examination of said testimony, no error is perceived.

An examination of the testimony of the witness David Breeden in light of appellant's contention has been made.  The testimony does not show error.

The judgment is affirmed.

DOUGLAS, J., not participating.