**Russel LEWIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–81–00245–CR.**

Court of Appeals of Texas, El Paso.

July 7, 1982.

Rehearing Denied Aug. 4, 1982.

Discretionary Review Refused Oct. 27, 1982.

conclusive." Webster's New Collegiate Dictionary, 425 (1981).

Margaret Reinke, Houston, Buddy Stevens, Angleton, for appellant.

John B. Holmes, Jr., Dist. Atty., Larry P. Urquhart, Jose C. Castillo, Patricia Saum, Asst. Dist. Attys., Houston, for appellee.

Before STEPHEN F. PRESLAR, C. J., and WARD and OSBORN, JJ.

## OPINION

OSBORN, Justice.

This is an appeal from a conviction for burglary of a habitation. The court assessed punishment at thirteen years confinement. We reverse.

Appellant was charged by three-count indictment with burglary of a habitation with intent to commit aggravated assault on August 26, 1979, burglary of a habitation with intent to commit murder and attempted murder, the latter two counts alleged to have occurred on August 29, 1979.

A trial to the court was held on December 7, 1979, resulting in a verdict of guilty as to the August 26 burglary count. Punishment was assessed at thirteen years confinement.

On August 26, 1979, the complainant, James McCall, returned to his home and found the Appellant, his nephew, inside. Appellant swung a small, iron hammer at the complainant's head, and then fled. Mr. McCall's property had been removed from drawers upstairs. A bracelet and bottle of after-shave lotion were missing. Mr. McCall testified that the telephone line was cut.

On August 29, 1979, the complainant again surprised the Appellant in his house. Appellant fired a double-barrel shotgun twice, striking Mr. McCall in the arm. The telephone line was again either cut or pulled out.

Appellant testified that he was not at his uncle's house on either occasion. He denied owning, having access to or ever firing a shotgun. He admitted having been accused of stealing eleven pairs of shoes from his uncle approximately one year before the alleged burglaries. He testified that he visited Mr. McCall, with his mother, at the hospital on the afternoon of the shotgun incident. McCall had testified that the Appellant did not actually visit him, but rather waited outside the room.

In his first ground of error, Appellant contends that the indictment is fundamentally defective due to the improper joinder of the three counts. Appellant relies upon *Jordan v. State*, 552 S.W.2d 478, 479 (Tex. Cr.App.1977). In *Jordan* a two-count indictment was tried to the court resulting in a conviction on both counts. The two counts consisted of burglary of a building with intent to commit theft and theft, both arising out of the same incident. The appellate court reversed, ruling that Penal Code Sections 3.01 and 3.02 and Article 21.24 of the Code of Criminal Procedure precluded the joinder of burglary and theft in one indictment, since they are different offenses.

Article 21.24 permits joinder of two or more offenses in separate counts of a single indictment if the offenses arise out of the same criminal episode, as defined in Section 3.01 of the Penal Code. That statute defines criminal episode as the repeated commission of any one offense defined in Title 7 of the code, Offenses Against Property. Section 3.02(a) permits prosecution and conviction for all offenses arising out of the same criminal episode.

■ The first two counts of this indictment allege burglary of a habitation arising under Title 7, Section 30.02 of the Penal Code. Both counts involve burglary of the same dwelling, with felonious assaultive intent directed at the same victim, and separated by only three days. The first two counts are properly joined in the indictment. *McCaleb v. State*, 537 S.W.2d 728 (Tex.Cr.App.1976).

■ The third count, attempted murder, is not joined under the previously noted statutory provisions. Nonetheless, the State is entitled to charge, in separate counts of a single indictment, each and every distinct offense committed in the same incident or transaction. *Crocker v. State*, 573 S.W.2d 190 (Tex.Cr.App.1978) (castration and disfigurement); *Hicks v. State*, 508 S.W.2d 400 (Tex.Cr.App.1974) (robbery and rape); *Hughes v. State*, 455 S.W.2d 303 (Tex.Cr.App.1970) (murder and unlawfully carrying a weapon); *Breeden v. State*, 438 S.W.2d 105 (Tex.Cr.App.1969) (robbery and murder).

■ This type of joinder is not restricted to offenses against property. Unlike joinder under Penal Code Section 3.02, this form of pleading may not result in conviction on more than one count. *Ex parte Easley*, 490 S.W.2d 570 (Tex.Cr.App.1972). To sustain the pleadings and not run afoul of the multiple conviction rule, one of two courses of action must be taken in submitting the issues to the fact-finder. The State must elect which count to proceed on, abandoning the others, or the counts must be considered by the fact-finder in a conditional manner. Whether trial is to the court or the jury, a verdict of guilty may be reached as to any one count, but not more than one. The State is not required to make an election, but if it does not, conditional submission is mandatory. This was the ultimate defect in *Jordan*. See also: *Koah v. State*, 604 S.W.2d 156 (Tex.Cr.App. 1980); *Crocker, supra*.

■ The third count of the indictment is a distinct offense arising out of the same transaction as the second count. As a result, those counts are properly joined but could only produce one guilty verdict, between them. As an abstract proposition of drafting, the indictment subjected the Appellant to possible conviction of the first count and one or the other of the second two counts.

■ Appellant's Ground of Error No. One is based on a combined reading of the statement of facts, original judgment and

sentence. The statement of facts, as well as the State's brief, reflects that no election was made by the State as to which count they were proceeding on. All three counts were read, pleas of not guilty were entered, and evidence was presented on all three allegations.

The *original* judgment recites that the State elected to proceed on the first count only and that Appellant was, therefore, only on trial for burglary with intent to commit aggravated assault. This was clearly not supported by the record. The same document reflects a finding of guilt as to all three counts. The formal judgment clause reflects guilt as to count one only. The sentence addresses punishment as to only the first count.

If this were the final state of the record, Appellant's complaint would be well-founded. It would not, however, be properly before us. Judgment and sentence would not have been entered as to the second two counts, thereby depriving this court of appellate jurisdiction.

On October 6, 1980, Appellant filed his brief, alerting the State to the possible error. On November 25, 1980, the State sought and received a nunc pro tunc order, correcting the conflict between the original judgment and sentence and the pleadings and evidence. The corrected judgment now reflects no election by the State but a finding of guilt as to count one only. While this adjudication of the three counts rendered a narrower judgment than was necessary under the various joinder rules, it is a valid, complete order. Failure to enter a finding of guilt as to either of the last two counts bars subsequent prosecution for offenses arising out of the August 29, 1979, transaction. The error complained of in the first point on appeal has been cured. Ground of Error No. One is overruled.

Ground of Error No. Two complains of the failure to sever the counts. Appellant's cited authority correctly supports his contention that severance is an absolute right upon timely request by a defendant. *Overton v. State*, 552 S.W.2d 849 (Tex.Cr.App. 1977). His supporting citation of the transcript is incomplete. Mid-way through the State's case-in-chief, trial counsel inquired if they were trying two indictments at the same time. When the court responded that pleas had been entered on all three counts, counsel responded, "[a]ll right." While this exchange casts doubt on the effectiveness of counsel's assistance to his client, it clearly evidences the absence of a request for severance. Ground of Error No. Two is overruled.

■ Ground of Error No. Four alleges insufficient evidence that the hammer was a deadly weapon. Appellant is incorrect in his assumption that this was an essential element of the offense charged. Count one alleges burglary of a habitation by entering with intent to commit aggravated assault. Had Appellant been charged with burglary of a habitation, by entering and committing or attempting to commit aggravated assault, his contention would be correct. The character of the instrument as a deadly weapon is not an essential element of the offense actually charged. Assuming other sufficient evidence of intent, a conviction for entry with intent to assault would not even necessitate a weapon being actually present. Ground of Error No. Four is overruled.

■ The quality of the evidence as to the weapon is, however, highly relevant with regard to Ground of Error No. Three. Appellant contends that there was insufficient evidence of the essential element of intent to commit aggravated assault. With this, we are compelled to agree.

The statute and pleadings require that this intent exist at the time of entry. The intent may be inferred from the conduct of the actor, the surrounding circumstances, and the nature of the instrument used.

The hammer alleged in this case was not a deadly weapon per se. It was never introduced into evidence. It did not come in contact with the complainant. There was no evidence of the dimensions or weight of the hammer. The proximity of the combatants and the proximity of the hammer swing to the victim were not presented.

The testimony only indicated that the Appellant swung a small, iron hammer at the complainant's head, then Appellant backed up, was knocked down, and fled from the house. No testimony was offered as to the source of the hammer.

The evidence of the nature of the hammer and its manner of use is insufficient to support a conclusion that it was a deadly weapon under Section 1.07(a)(11) of the Penal Code. Standing alone, this evidence will not support an inference of entry with intent to commit aggravated assault.

In *Davidson v. State*, 602 S.W.2d 272, 273–274 (Tex.Cr.App.1980), the appellate court reversed an aggravated robbery conviction due to insufficiency of the evidence as to the weapon. In that case, testimonial estimates of a knife blade ranged from two inches to five inches. The evidence indicated a distance of five feet between the defendant and the victim. The knife was never introduced into evidence. The State did not establish a potential for harm, based upon the estimated length, through hypothetical questions to any medical or weapons expert.

In *Alvarez v. State*, 566 S.W.2d 612, 614 (Tex.Cr.App.1978), an aggravated assault conviction was overturned due to insufficient evidence as to the deadly character of a hook-type linoleum knife. The defendant swung the knife at a police officer, at a distance of three to four feet. He then continued to advance toward the officer, even after receiving a gunshot wound to the leg. The officer described the knife as sharp, but there was no testimony as to the dimensions of the blade. The court found that the evidence of the knife, itself, and the manner of its use was insufficient to sustain the conviction.

The only other evidence offered by the State relevant to Appellant's intent at the time of entry was the alleged disruption of the telephone communication capability and the second shotgun incident on August 29, 1979.

The exact nature of the location of the telephone and manner in which it was disconnected is not established in the record.

It apparently was either cut or simply pulled loose. The testimony did indicate that after Appellant fled on August 26, 1979, Mr. McCall telephoned the police. He also received a telephone call, apparently at the burglarized residence, from Appellant's mother that same afternoon. Furthermore, there is no distinct linkage between the Appellant and the telephone. This evidence, even in conjunction with the marginal weapon evidence, is insufficient to support an inference of the requisite intent.

The evidence of the August 29, 1979, shotgun incident is more persuasive with regard to the charge arising out of that transaction. It is insufficient to support an inference as to the intent at the time of the August 26 entry. The intervening physical confrontation between the complainant and the Appellant, the report to the police and the report to the Appellant's mother would suggest the possibility of a totally independent assaultive intent at the time of the second burglary. The aggravation of the relationship between uncle and nephew renders the second set of facts too ambiguous to support the inference necessary to the conviction under count one.

Even viewing the evidence in a light most favorable to the verdict, the record overwhelmingly reveals a burglary with intent to commit theft, interrupted by the arrival of the owner and resulting in a violent confrontation. A charge of burglary with intent to commit theft would have been the more appropriate allegation on these facts. In fact, that was the nature of the original indictment returned against the Appellant. It was later dismissed, in favor of the three-count indictment upon which the trial was conducted.

The evidence presented was insufficient to support a conviction for the offense charged. Ground of Error No. Three is sustained. This precludes an evaluation of Appellant's six grounds of error relating to ineffective assistance of counsel.

The conviction is reversed and the cause is remanded with instructions to enter a judgment of not guilty.

## OPINION ON STATE'S MOTION FOR REHEARING

This Court has before it a Motion for Rehearing filed by the State. The motion begins with a faulty interpretation of the opinion delivered by this Court on July 7, 1982.

The charge in this case was burglary of a habitation, entering with intent to commit aggravated assault. We did not conclude that the State was required to prove that the hammer used was a deadly weapon under this form of burglary. If the State would examine page six of the opinion, it would note that such a requirement was expressly denied in the overruling of Appellant's Ground of Error No. Four.

As noted in the opinion, the nature, origin, and manner of use of the hammer are, however, extremely relevant in assessing the sufficiency of the evidence of Appellant's *intent* at the time of entry. In this regard, the evidence concerning the hammer was fatally deficient.

The second alleged confrontation between the complainant and the Appellant on August 29, 1979, was not and is not considered probative of the Appellant's state of mind on August 26, due to the intervening physical confrontation between the two parties and the reporting of the initial incident to the police and Appellant's mother.

We are unpersuaded that the record discloses more than an interrupted burglary/theft, leading to a physical confrontation between Appellant and the complainant and followed, three days later, by a second burglary actuated by ill-will and an intent to commit aggravated assault or worse.

Under the pleadings and the evidence, we hereby deny the State's Motion for Rehearing.