NO. 07-07-0142-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



JULY 20, 2007



______________________________




CAMERON CLAY FLATHERS, APPELLANT



V.



THE TEXAS DEPARTMENT OF PUBLIC SAFETY, APPELLEE




_________________________________



FROM THE COUNTY COURT AT LAW NO. 3 OF LUBBOCK COUNTY;



NO. 2006-599,811; HONORABLE PAULA LANEHART, JUDGE



_______________________________



Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

 OPINION


 Pending before this Court is Appellant's (sic) Motion for Dismissal. (1) The Department
alleges that Cameron Clay Flathers's Notice of Appeal was not timely filed and thus this
Court lacks jurisdiction over the appeal. The motion is opposed; however, Flathers did not
file a response. We agree with the Department and dismiss this appeal.

 On November 15, 2006, an administrative hearing was held on Flathers's contest
to the Department's order to suspend his driver's license. The administrative law judge
issued an order authorizing the Department to suspend Flathers's license, and Flathers
appealed the decision to the County Court at Law. Sitting in an appellate capacity, on
January 9, 2007, the court conducted a hearing which resulted in a judgment that the
administrative law judge had not abused his discretion in ordering suspension of Flathers's
driver's license. 

 The court's judgment was signed on February 2, 2007. On February 14th, Flathers
filed a request for findings of fact and conclusions of law pursuant to Rule 296 of the Texas
Rules of Civil Procedure. His notice of appeal was filed on April 9, 2007, sixty-six days
after judgment was signed.

 As a general rule, in order to invoke the jurisdiction of an appellate court the
appellant must file a notice of appeal within 30 days after the judgment is signed. Tex. R.
App. P. 26.1. However, Rule 26.1(a)(4) of the Texas Rules of Appellate Procedure
extends the time in which to file a notice of appeal to ninety days after judgment is signed
when a timely request for findings of fact and conclusions of law is filed. This rule,
however, specifically limits application of the ninety-day deadline to those situations where
findings and conclusions either are required by the Rules of Civil Procedure or, if not
required, could properly be considered by the appellate court. (Emphasis added). 

 Rule 296 of the Texas Rules of Civil Procedure provides that a party may request
findings of fact and conclusions of law in any case tried in the district or county court after
a conventional trial on the merits. The mere right to request findings of fact and
conclusions of law does not extend the time for perfecting appeal of a judgment rendered
as a matter of law, where findings and conclusions can have no purpose and cannot be
properly considered by the appellate court. IKB Industries (Nigeria) Ltd. v. Pro-Line Corp.,
938 S.W.2d 440, 443 (Tex. 1997) (holding that a request for findings and conclusions did
extend the time for perfecting an appeal where there was a factual dispute over
explanations for alleged discovery abuse). (2) Where judgment is rendered as a matter of
law, a party is not entitled to findings and conclusions. See Linwood v. NCNB Texas, 885
S.W.2d 102, 103 (Tex. 1994) (explaining why a request for findings of fact has "no place"
in a case concluded by summary judgment and why a request for findings and conclusions
does not extend appellate deadlines pursuant to Rule 26.1(a)(4)). 

 A person whose driver's license has been administratively suspended may appeal
the suspension by timely filing a petition in a county court at law in the appropriate county. 
Tex. Transp. Code Ann. § 524.041 (Vernon 2007). The appeal is not a trial de novo; but
is, instead, limited to the record of the administrative hearing as certified by the State Office
of Administrative Hearings. § 524.043. The trial court may order the presentation of
additional evidence if it is satisfied that additional evidence is material and that there were
good reasons for the failure to present that evidence before the administrative law judge. 
§524.043(b). In those cases where additional evidence is not received, the scope of
review is limited to a determination of whether the substantial rights of the appellant have
been prejudiced because the administrative findings, inferences, conclusions, or decisions
are not reasonably supported by substantial evidence. Tex. Gov't Code Ann. § 2001.174
(Vernon 2000); Texas Department of Public Safety v. Alford, 209 S.W.3d 101, 103 (Tex.
2006).

 Whether or not there is substantial evidence to support an administrative decision
is a question of law. Montgomery Indep. Sch. Dist. v. Davis, 34 S.W.3d 559, 566 (Tex.
2000). The court that heard Flathers's appeal from the administrative decision to suspend
his driver's license heard only arguments from counsel and did not hear additional
evidence pursuant to § 524.043(b). Because there was no factual dispute presented to the
trial court we conclude that Flathers's request for findings of fact and conclusions of law
could not have properly been considered and thus, did not extend the time in which to file
his notice of appeal. The notice was due on March 4, 2007, thirty days from the trial
court's February 2, 2007 judgment. Tex. R. App. P. 26.1. Flathers's notice filed on April
9, 2007, is untimely and deprives this Court of jurisdiction to consider his appeal.

 Consequently, the appeal is dismissed for want of jurisdiction.

 Patrick A. Pirtle

 Justice

1. Although delineated as Appellant's Motion for Dismissal, the motion was in fact filed
by the Appellee, the Texas Department of Public Safety. 
2. See also Texas Dept. of Public Safety v. Alford, 154 S.W.3d 133, 141
(Tex.App.-Waco 2004) (dissenting opinion concluding that the majority erred in suggesting
that the Texas Department of Public Safety should have requested findings of fact and
conclusions of law because findings and conclusions would not have been proper in an
administrative appeal under the substantial evidence rule), rev'd on other grounds, 209
S.W.3d 101 (Tex. 2006). 


in the course of committing theft" is
defined to mean "conduct that occurs in an attempt to commit, during the commission, or in
immediate flight after the attempt or commission of theft." Tex. Pen. Code. Ann. § 29.01(1)
(Vernon Supp. 2003). A person commits theft if he unlawfully appropriates property with
intent to deprive the owner of the property. Tex. Pen. Code Ann. § 31.03 (Vernon 2007).

Legal Sufficiency

 In conducting a legal sufficiency review, we must determine whether, after reviewing
the evidence in the light most favorable to the prosecution, any rational trier of fact could
have found the essential elements of the crime beyond a reasonable doubt. Jackson v.
Virginia, 443 U.S. 307, 318-19 (1979); McKinney v. State, 207 S.W.3d 366, 374
(Tex.Crim.App. 2006); Fowler v. State, 65 S.W.3d 116, 118 (Tex.App.-Amarillo 2001, no
pet.). A reviewing court considers all the evidence admitted that will sustain the conviction,
including improperly admitted evidence. Hernandez v. State, 190 S.W.3d 856, 863-64
(Tex.Crim.App. 2006). As fact finder, the jury is the exclusive judge of the credibility of 
witnesses and the weight to be afforded to their testimony. Id. The jury is free to accept one
version of the facts, reject another, or reject all or any of a witness's testimony. Id. We must
uphold the jury's verdict against a legal sufficiency challenge unless it is irrational or
unsupported by more than a mere modicum of evidence. Fowler, 65 S.W.3d at 118 (citing
Moreno v. State, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988)). Factual Sufficiency

 Evidence supporting guilt, though legally sufficient, may be factually insufficient
because it is so weak that the jury's verdict seems clearly wrong and manifestly unjust, or 
because evidence contrary to the verdict is such that the jury's verdict is against the great
weight and preponderance of the evidence. Marshall v. State, 210 S.W.3d 618, 625
(Tex.Crim.App. 2006); Watson v. State, 204 S.W.3d 404, 414-15 (Tex.Crim.App. 2006);
Johnson v. State, 23 S.W.3d 1, 11 (Tex.Crim.App. 2000). In a factual sufficiency review, we
consider all the evidence in a neutral light. Marshall, 210 S.W.3d at 625; Watson, 204
S.W.3d at 414. Although an appellate court's authority to review factual sufficiency permits
the court to disagree with the fact finder's determinations, the appellate court must accord
them due deference, particularly those determinations concerning the weight and credibility
of the evidence. Johnson, 23 S.W.3d at 9. 

Effect of Court's Charge 

 We initially address appellant's contention that our evaluation of the sufficiency of
the evidence in this case is circumscribed by language of the court's charge. The charge
allowed the jury to find appellant guilty of burglary of a habitation with intent to commit
robbery, or the lesser offenses of burglary of a habitation with intent to commit theft, or
criminal trespass. With respect to the offense of burglary of a habitation with intent to
commit robbery, the abstract portion of the charge contained this language:

 In this case, the indictment having charged that the burglarious entry, if any,
was made with the intent to commit the crime of robbery, a felony, before you
would be warranted in finding defendant guilty, you must be satisfied from the
evidence beyond a reasonable doubt that the entry, if any, was so made,
without the effective consent of the owner, with the intent to commit the
specific crime of robbery.


Appellant also notes the charge in other places refers to "burglary with intent to commit
robbery," and notes that the verdict form provided the jury for that offense (which contains
the jury's verdict) states, "We, the jury, find from the evidence beyond a reasonable doubt
the defendant is guilty of the offense of burglary of a habitation with intent to commit
robbery, as charged in the indictment." Appellant argues that, by the noted references in
the charge and by its failure to provide the jury with a verdict form more generally allowing
a finding of guilt of burglary of a habitation, (3) the trial court narrowed the jury's focus and
limited its consideration only to the definition of burglary of a habitation set forth in
subsection (a)(1) of § 30.02, requiring proof that the defendant entered the habitation with
intent to commit robbery. For that reason, appellant contends, our review of the evidence
should consider only its sufficiency to support a conviction under that theory of the offense. 

 Under Malik v. State, 953 S.W.2d 234 (Tex.Crim.App. 1997), however, we must
measure the sufficiency of the evidence "by the elements of the offense as defined by the
hypothetically correct jury charge for the case. Such a charge would be one that accurately
sets out the law, is authorized by the indictment, does not unnecessarily increase the
State's burden of proof or unnecessarily restrict the State's theories of liability, and
adequately describes the particular offense for which the defendant was tried." Id. at 240. 
Such a standard, the court said in Malik, ensures that a judgment of acquittal is reserved
for cases in which there is an actual failure in the State's proof of the crime rather than a
mere error in the jury charge submitted. Id. 

 Here, Count II of the indictment read as follows:

 And further, in Lubbock County, Texas, Javier Myers, hereafter styled the 
Defendant, heretofore on or about the 19th day of August, A.D. 2004, did
then and there intentionally, without the effective consent of John
Hernandez, the owner thereof, enter a habitation with intent to commit
robbery and did then and there commit the offense of robbery.


 As can be seen, Count II alleged that appellant entered the habitation with intent to
commit robbery, and also alleged that he then and there committed the offense of robbery. (4)
 It thus encompassed two of the three means of commission of the offense, those set out
in subsections (a)(1) and (a)(3) of section 30.02. (5) A hypothetically correct jury charge
therefore would include both means. See Curry v. State, 30 S.W.3d 394, 404
(Tex.Crim.App. 2000) (applying Malik to indictment's manner and means allegations);
Malik, 953 S.W.2d at 240 (hypothetically correct charge does not unnecessarily restrict the
State's theories of liability). (6) The court's charge to the jury correctly set forth the elements
of the offense and the relevant definitions. Our evaluation of the sufficiency of the
evidence presented at trial therefore cannot be limited to the manner of commission of the
offense described in subsection (a)(1). See Gollihar v. State, 46 S.W.3d 243, 254-55
(Tex.Crim.App. 2001) (stating that when a statute defines alternative methods of manner
and means of committing an element and the indictment alleges only one of those
methods, "the law" for purposes of the hypothetically correct charge is the single method
alleged in the indictment). Analysis

Legal Sufficiency

Consistent with his contention regarding the effect of the court's charge on the
sufficiency analysis, appellant focuses his legal sufficiency argument on the requirement
of § 30.02(a)(1) for proof he possessed the intent to commit robbery at the time of his entry
into Hernandez's residence. See, e.g., Moore v. State, 54 S.W.3d 529, 539
(Tex.App.-Fort Worth 2001, pet. ref'd) (applying requirement that burglarious entry be
made with the intent to commit felony). He contends the record is devoid of evidence he
possessed the intent to commit robbery when he entered the residence, and likens the
evidence produced here to that in Lewis v. State, 638 S.W.2d 148 (Tex.App.-El Paso
1982, pet. ref'd). In Lewis, the court found legally insufficient the evidence that the
defendant committed burglary with intent to commit aggravated assault. Testimony
showed that before the defendant fled the residence, he swung a small iron hammer at the
complainant's head. After analyzing the evidence, the court stated, "Even viewing the
evidence in a light most favorable to the verdict, the record overwhelmingly reveals a
burglary with intent to commit theft, interrupted by the arrival of the owner and resulting in
a violent confrontation." Id. at 152. The court noted there was no testimony describing the
source of the hammer. The hammer itself was not in evidence, and no evidence described
its dimensions, weight or manner of use. It further noted the evidence did not reveal the
proximity of the combatants or the proximity of the hammer swing to the complainant. The
court concluded that evidence of the defendant's use of the hammer, while pertinent to the
assessment of his intent at the time of entry, did not in that case permit an inference that
he entered with the intent to commit aggravated assault. Id. at 151-52. (7) 

 Appellant contends the evidence here likewise is insufficient to permit an inference
of his intent to commit the assaultive offense of robbery at the time he entered
Hernandez's home. The evidence present here concerning the nature of the tire iron and
appellant's use of it greatly exceeds that present in Lewis. The tire iron was before the
jury. The evidence leaves little doubt that appellant and his accomplice used it to break
into Hernandez's home. Testimony established appellant had the tool in his hand as he
tried to make his escape from the residence, and both Hernandez and Nina described his
raising it as if preparing to bring it down on Hernandez during their struggle. Comparison
with Lewis does not aid appellant's contention on appeal that the evidence against him was
insufficient.

Our disposition of appellant's legal sufficiency issue does not turn, moreover, on the
evidence that he possessed intent to commit robbery when he entered the habitation. As
discussed, the issue must be overruled if the evidence was legally sufficient under either
of the theories embodied in the hypothetically correct charge. 

The State's case was presented through the testimony of Hernandez, his sister
Nina, and one of the DPS troopers, and through photographs and the video recording
made by the trooper's dashboard camera. We have no difficulty concluding that, viewed
in the proper light, the evidence would permit a rational finder of fact to find, beyond
reasonable doubt, the requisite elements of the offense under section 30.02(a)(3),
requiring, in this case, proof that appellant entered Hernandez's habitation without his
consent and there committed robbery.

Hernandez testified that he did not know appellant, did not give appellant permission
or consent to enter his home, and felt threatened appellant would inflict bodily injury on him
with the crow bar appellant had in his hands. "Under the 'placed in fear' language in
section 29.02 of the Texas Penal Code, the factfinder may conclude that an individual
perceived fear or was 'placed in fear,' in circumstances where no actual threats were
conveyed by the accused." Williams v. State, 827 S.W.2d 614, 616 (Tex.App.-Houston
[1st Dist.] 1992, pet. ref'd). On cross-examination, Hernandez clarified that appellant "took
the stance to swing" the crow bar at him and "raised it up in the act of hitting" him. 
Hernandez testified that appellant then brought the crow bar down "about an inch." 
Hernandez flinched at the motion and was ready to block the swing with his forearm but
ultimately was not required to do so because appellant did not complete the blow. As
noted, he testified he "felt threatened" that appellant might inflict bodily injury on him. 

The evidence is legally sufficient to establish that appellant entered Hernandez's
home without consent and there, while in the course of committing theft and with the
requisite intent, placed Hernandez in fear of imminent bodily injury. Appellant's first issue
is overruled.

Factual Sufficiency


Appellant's factual sufficiency challenge also is based on his assertion that language
of the charge required the State to prove his intent to commit robbery existed when he
entered the habitation. He does not contend that the jury heard evidence contrary to his
guilt on a theory he entered the residence without consent and there committed robbery. 
In considering factual sufficiency, we defer to the jury's determination in matters of
credibility and weight of any conflicting evidence and inferences. Johnson, 23 S.W.3d at
8. It was within the jury's discretion to determine the relative weight to accord the
testimony and evidence presented at trial and the jury was entitled to discount the weight
of or to disregard all or any part of any of the evidence so presented. Id. Having
considered the entirety of the evidence in a neutral light, we conclude that the proof of
appellant's guilt is neither so obviously weak as to undermine confidence in the jury's
determination, nor such that it is greatly outweighed by contrary proof. Thus, the proof is
factually sufficient to support the verdict. We overrule appellant's second issue. 

Having found the proof both legally and factually sufficient to support appellant's
conviction, and thus overruled his issues on appeal, we affirm the trial court's judgment.

 

 James T. Campbell

 Justice



Do not publish.


Quinn, C.J., dissenting.
1. Count I of the indictment charged appellant with burglary of a habitation with intent
to commit aggravated assault, and Count III with burglary of a habitation with intent to
commit theft. All three counts were based on the same events. The State elected to try
appellant only on Count II. 
2. Although photographs and other testimony indicate the item actually was a tire
iron, it was often referred to as a crow bar.
3. Appellant contrasts the verdict form provided by the court with a "general verdict
form for 'burglary of a habitation, as alleged in the indictment,' " which, he states, would
have included "all three manner and means or definitions" of the offense.
4. While the State may allege alternative means of commission of an offense in the
conjunctive in an indictment and describe them in the disjunctive in the jury charge, 
Kitchens v. State, 823 S.W.2d 256, 258 (Tex.Crim.App. 1991), the application paragraph
of the jury charge here tracks the conjunctive language used in the indictment. In any
event, however, sufficiency of the evidence is not to be measured by the language of the
application paragraph but instead is to be measured against the hypothetically correct jury
charge. Gollihar v. State, 46 S.W.3d 243, 252 (Tex.Crim.App. 2001). 
5. The indictment omitted any allegation that appellant entered the habitation and
there attempted to commit robbery.
6. The dissent does not read Count II of the indictment to include an allegation
appellant committed the offense of burglary of a habitation in the means described in Penal
Code § 30.02(a)(3). Our reading of Count II as including such an allegation is supported
by the discussion of it in appellant's brief. 
7. See also id. at 153 (op. on reh'g).