NO. 07-05-0381-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

NOVEMBER 21, 2007
_____

JAVIER MYERS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2004-407108; HONORABLE DAVID GLEASON, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

OPINION

Appellant Javier Myers appeals from his conviction by jury of the offense of burglary of a habitation with intent to commit robbery and his sentence assessed by the trial court confining him to the Institutional Division of the Texas Department of Criminal Justice for a period of twenty years. We affirm.

Factual and Procedural Background

By indictment, appellant was charged with offenses arising from events that took place when he and another man broke into the Lubbock residence of John Hernandez on August 19, 2004. Count II of the indictment charged that appellant "intentionally, without the effective consent of John Hernandez, the owner thereof, enter[ed] a habitation with intent to commit robbery and did then and there commit the offense of robbery."[1]

Contrary to his plea, after the evidence was presented, the jury found appellant guilty of the offense charged in Count II of the indictment. The court assessed punishment as noted, and appellant timely filed notice of appeal.

Trial testimony showed that Hernandez was off work on that day. He and his sister Nina left his residence around 11:00 that morning, and when they returned about thirty minutes later, Hernandez noticed an unfamiliar car parked in the alley. When he entered his home, he saw two men, one of whom he identified at trial as appellant, coming out of a bedroom. Hernandez began yelling and cursing at the individuals, asking them what they were doing in his home. Both intruders ran to the back door. Hernandez accosted them, and all three men began "fighting, wrestling, kind of struggling" as the intruders tried to open the door.

---

[1] Count I of the indictment charged appellant with burglary of a habitation with intent to commit aggravated assault, and Count III with burglary of a habitation with intent to commit theft. All three counts were based on the same events. The State elected to try appellant only on Count II.

2

Hernandez saw that one of the men, later identified as appellant, had a "crow bar."[2] When Hernandez tried to get the bar from appellant, he broke away from Hernandez and "raised the crow bar" as if to hit him. Hernandez, feeling that he was going to be hit, flinched and raised his forearm to block the expected blow.

While Hernandez was struggling with the men, Nina entered the home and Hernandez yelled to her to call 911. Both intruders eventually fled through the home's front door, reached their vehicle in the alley and drove away. Both were apprehended shortly thereafter, however, by Department of Public Safety troopers who were in the area. Hernandez and Nina identified the individuals and provided statements to the police. Evidence also showed that the home's back door carried indications of forced entry during Hernandez's and Nina's thirty-minute absence, by use of an object like the tire iron appellant carried; closets had been opened and their contents disturbed, and a watch had been taken from the residence. At trial, Hernandez testified that prior to August 19, 2004, he had never seen or met appellant and did not give him permission to enter or be in his home. Hernandez further testified that when appellant raised the crow bar, he felt threatened that appellant might inflict bodily injury on him.

Issues

Appellant asserts through two points of error that the evidence is legally and factually insufficient to support his conviction. When both the legal and factual sufficiency of the

---

[2] Although photographs and other testimony indicate the item actually was a tire iron, it was often referred to as a crow bar.

evidence are challenged, we must first determine whether the evidence is legally sufficient to support the verdict. *Clewis v. State,* 922 S.W.2d 126, 133 (Tex.Crim App. 1996); *Fowler v. State,* 65 S.W.3d 116, 118 (Tex.App.–Amarillo 2001, no pet.).

Applicable Law

Under the Penal Code, a burglary may be committed in three "distinct ways." Tex. Pen. Code Ann. § 30.02 (Vernon 1999); *Espinoza v. State,* 955 S.W.2d 108, 111 (Tex. App.–Waco 1997, pet. ref'd). To establish guilt of burglary of a habitation under Penal Code § 30.02(a)(1), the State must prove the defendant entered the habitation or building with the intent to commit a felony, theft or assault at the time he entered. Penal Code § 30.02(a)(2) requires proof that the defendant remained concealed, with intent to commit a felony, theft or assault, in a building or habitation. *Espinoza,* 955 S.W.2d at 111. Penal Code § 30.02(a)(3) requires proof that the defendant entered the habitation without the owner's consent and while inside, committed or attempted to commit a felony or theft. *Id.* But subsection (a)(3) does not require proof that intent to commit the felony or theft existed at the time the defendant entered the habitation.

Here, the felony alleged is robbery. A person commits robbery "if, in the course of committing theft . . . and with intent to obtain or maintain control of the property, he: (1) intentionally, knowingly, or recklessly causes bodily injury to another; or (2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death." Tex. Pen. Code Ann. § 29.02 (Vernon Supp. 2003). The phrase "in the course of committing theft" is defined to mean "conduct that occurs in an attempt to commit, during the commission, or in

4

immediate flight after the attempt or commission of theft." Tex. Pen. Code. Ann. § 29.01(1) (Vernon Supp. 2003). A person commits theft if he unlawfully appropriates property with intent to deprive the owner of the property. Tex. Pen. Code Ann. § 31.03 (Vernon 2007).

*Legal Sufficiency*

In conducting a legal sufficiency review, we must determine whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 318-19 (1979)*; McKinney v. State,* 207 S.W.3d 366, 374 (Tex.Crim.App. 2006); *Fowler v. State,* 65 S.W.3d 116, 118 (Tex.App.–Amarillo 2001, no pet.). A reviewing court considers all the evidence admitted that will sustain the conviction, including improperly admitted evidence. *Hernandez v. State,* 190 S.W.3d 856, 863-64 (Tex.Crim.App. 2006). As fact finder, the jury is the exclusive judge of the credibility of witnesses and the weight to be afforded to their testimony. *Id.* The jury is free to accept one version of the facts, reject another, or reject all or any of a witness's testimony. *Id.* We must uphold the jury's verdict against a legal sufficiency challenge unless it is irrational or unsupported by more than a mere modicum of evidence. *Fowler,* 65 S.W.3d at 118 (*citing Moreno v. State,* 755 S.W.2d 866, 867 (Tex. Crim. App. 1988)).

*Factual Sufficiency*

Evidence supporting guilt, though legally sufficient, may be factually insufficient because it is so weak that the jury's verdict seems clearly wrong and manifestly unjust, or because evidence contrary to the verdict is such that the jury's verdict is against the great

5

weight and preponderance of the evidence. *Marshall v. State*, 210 S.W.3d 618, 625 (Tex.Crim.App. 2006); *Watson v. State*, 204 S.W.3d 404, 414-15 (Tex.Crim.App. 2006); *Johnson v. State*, 23 S.W.3d 1, 11 (Tex.Crim.App. 2000). In a factual sufficiency review, we consider all the evidence in a neutral light. *Marshall*, 210 S.W.3d at 625; *Watson*, 204 S.W.3d at 414. Although an appellate court's authority to review factual sufficiency permits the court to disagree with the fact finder's determinations, the appellate court must accord them due deference, particularly those determinations concerning the weight and credibility of the evidence. *Johnson*, 23 S.W.3d at 9.

## Effect of Court's Charge

We initially address appellant's contention that our evaluation of the sufficiency of the evidence in this case is circumscribed by language of the court's charge. The charge allowed the jury to find appellant guilty of burglary of a habitation with intent to commit robbery, or the lesser offenses of burglary of a habitation with intent to commit theft, or criminal trespass. With respect to the offense of burglary of a habitation with intent to commit robbery, the abstract portion of the charge contained this language:

> In this case, the indictment having charged that the burglarious entry, if any, was made with the intent to commit the crime of robbery, a felony, before you would be warranted in finding defendant guilty, you must be satisfied from the evidence beyond a reasonable doubt that the entry, if any, was so made, without the effective consent of the owner, with the intent to commit the specific crime of robbery.

Appellant also notes the charge in other places refers to "burglary with intent to commit robbery," and notes that the verdict form provided the jury for that offense (which contains

6

the jury's verdict) states, "We, the jury, find from the evidence beyond a reasonable doubt the defendant is guilty of the offense of burglary of a habitation with intent to commit robbery, as charged in the indictment."  Appellant argues that, by the noted references in the charge and by its failure to provide the jury with a verdict form more generally allowing a finding of guilt of burglary of a habitation,[3] the trial court narrowed the jury's focus and limited its consideration only to the definition of burglary of a habitation set forth in subsection (a)(1) of § 30.02, requiring proof that the defendant entered the habitation with intent to commit robbery.  For that reason, appellant contends, our review of the evidence should consider only its sufficiency to support a conviction under that theory of the offense.

Under *Malik v. State,* 953 S.W.2d 234 (Tex.Crim.App. 1997), however, we must measure the sufficiency of the evidence "by the elements of the offense as defined by the hypothetically correct jury charge for the case. Such a charge would be one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried."  *Id.* at 240. Such a standard, the court said in *Malik*, ensures that a judgment of acquittal is reserved for cases in which there is an actual failure in the State's proof of the crime rather than a mere error in the jury charge submitted.  *Id.*

Here, Count II of the indictment read as follows:

---

[3] Appellant contrasts the verdict form provided by the court with a "general verdict form for 'burglary of a habitation, as alleged in the indictment,' " which, he states, would have included "all three manner and means or definitions" of the offense.

And further, in Lubbock County, Texas, Javier Myers, hereafter styled the Defendant, heretofore on or about the 19th day of August, A.D. 2004, did then and there intentionally, without the effective consent of John Hernandez, the owner thereof, enter a habitation with intent to commit robbery and did then and there commit the offense of robbery.

As can be seen, Count II alleged that appellant entered the habitation with intent to commit robbery, and also alleged that he then and there committed the offense of robbery.[4] It thus encompassed two of the three means of commission of the offense, those set out in subsections (a)(1) and (a)(3) of section 30.02.[5] A hypothetically correct jury charge therefore would include both means. *See Curry v. State*, 30 S.W.3d 394, 404 (Tex.Crim.App. 2000) (applying *Malik* to indictment's manner and means allegations); *Malik,* 953 S.W.2d at 240 (hypothetically correct charge does not unnecessarily restrict the State's theories of liability).[6] The court's charge to the jury correctly set forth the elements of the offense and the relevant definitions. Our evaluation of the sufficiency of the evidence presented at trial therefore cannot be limited to the manner of commission of the offense described in subsection (a)(1). *See Gollihar v. State,* 46 S.W.3d 243, 254-55

---

[4] While the State may allege alternative means of commission of an offense in the conjunctive in an indictment and describe them in the disjunctive in the jury charge, *Kitchens v. State,* 823 S.W.2d 256, 258 (Tex.Crim.App. 1991), the application paragraph of the jury charge here tracks the conjunctive language used in the indictment. In any event, however, sufficiency of the evidence is not to be measured by the language of the application paragraph but instead is to be measured against the hypothetically correct jury charge. *Gollihar v. State,* 46 S.W.3d 243, 252 (Tex.Crim.App. 2001).

[5] The indictment omitted any allegation that appellant entered the habitation and there attempted to commit robbery.

[6] The dissent does not read Count II of the indictment to include an allegation appellant committed the offense of burglary of a habitation in the means described in Penal Code § 30.02(a)(3). Our reading of Count II as including such an allegation is supported by the discussion of it in appellant's brief.

8

(Tex.Crim.App. 2001) (stating that when a statute defines alternative methods of manner and means of committing an element and the indictment alleges only one of those methods, "the law" for purposes of the hypothetically correct charge is the single method alleged in the indictment).

## Analysis

### *Legal Sufficiency*

Consistent with his contention regarding the effect of the court's charge on the sufficiency analysis, appellant focuses his legal sufficiency argument on the requirement of § 30.02(a)(1) for proof he possessed the intent to commit robbery at the time of his entry into Hernandez's residence. *See, e.g., Moore v. State*, 54 S.W.3d 529, 539 (Tex.App.–Fort Worth 2001, pet. ref'd) (applying requirement that burglarious entry be made with the intent to commit felony). He contends the record is devoid of evidence he possessed the intent to commit robbery when he entered the residence, and likens the evidence produced here to that in *Lewis v. State*, 638 S.W.2d 148 (Tex.App.–El Paso 1982, pet. ref'd). In *Lewis*, the court found legally insufficient the evidence that the defendant committed burglary with intent to commit aggravated assault. Testimony showed that before the defendant fled the residence, he swung a small iron hammer at the complainant's head. After analyzing the evidence, the court stated, "Even viewing the evidence in a light most favorable to the verdict, the record overwhelmingly reveals a burglary with intent to commit theft, interrupted by the arrival of the owner and resulting in a violent confrontation." *Id*. at 152. The court noted there was no testimony describing the source of the hammer. The hammer itself was not in evidence, and no evidence described its dimensions, weight or manner of use. It further noted the evidence did not reveal the

9

proximity of the combatants or the proximity of the hammer swing to the complainant. The court concluded that evidence of the defendant's use of the hammer, while pertinent to the assessment of his intent at the time of entry, did not in that case permit an inference that he entered with the intent to commit aggravated assault. *Id*. at 151-52.[7]

Appellant contends the evidence here likewise is insufficient to permit an inference of his intent to commit the assaultive offense of robbery at the time he entered Hernandez's home. The evidence present here concerning the nature of the tire iron and appellant's use of it greatly exceeds that present in *Lewis*. The tire iron was before the jury. The evidence leaves little doubt that appellant and his accomplice used it to break into Hernandez's home. Testimony established appellant had the tool in his hand as he tried to make his escape from the residence, and both Hernandez and Nina described his raising it as if preparing to bring it down on Hernandez during their struggle. Comparison with *Lewis* does not aid appellant's contention on appeal that the evidence against him was insufficient.

Our disposition of appellant's legal sufficiency issue does not turn, moreover, on the evidence that he possessed intent to commit robbery when he entered the habitation. As discussed, the issue must be overruled if the evidence was legally sufficient under either of the theories embodied in the hypothetically correct charge.

The State's case was presented through the testimony of Hernandez, his sister Nina, and one of the DPS troopers, and through photographs and the video recording

---

[7] *See also id*. at 153 (op. on reh'g).

10

made by the trooper's dashboard camera. We have no difficulty concluding that, viewed in the proper light, the evidence would permit a rational finder of fact to find, beyond reasonable doubt, the requisite elements of the offense under section 30.02(a)(3), requiring, in this case, proof that appellant entered Hernandez's habitation without his consent and there committed robbery.

Hernandez testified that he did not know appellant, did not give appellant permission or consent to enter his home, and felt threatened appellant would inflict bodily injury on him with the crow bar appellant had in his hands. "Under the 'placed in fear' language in section 29.02 of the Texas Penal Code, the factfinder may conclude that an individual perceived fear or was 'placed in fear,' in circumstances where no actual threats were conveyed by the accused." *Williams v. State,* 827 S.W.2d 614, 616 (Tex.App.–Houston [1st Dist.] 1992, pet. ref'd). On cross-examination, Hernandez clarified that appellant "took the stance to swing" the crow bar at him and "raised it up in the act of hitting" him. Hernandez testified that appellant then brought the crow bar down "about an inch." Hernandez flinched at the motion and was ready to block the swing with his forearm but ultimately was not required to do so because appellant did not complete the blow. As noted, he testified he "felt threatened" that appellant might inflict bodily injury on him.

The evidence is legally sufficient to establish that appellant entered Hernandez's home without consent and there, while in the course of committing theft and with the requisite intent, placed Hernandez in fear of imminent bodily injury. Appellant's first issue is overruled.

11

*Factual Sufficiency*

Appellant's factual sufficiency challenge also is based on his assertion that language of the charge required the State to prove his intent to commit robbery existed when he entered the habitation. He does not contend that the jury heard evidence contrary to his guilt on a theory he entered the residence without consent and there committed robbery. In considering factual sufficiency, we defer to the jury's determination in matters of credibility and weight of any conflicting evidence and inferences. *Johnson*, 23 S.W.3d at 8. It was within the jury's discretion to determine the relative weight to accord the testimony and evidence presented at trial and the jury was entitled to discount the weight of or to disregard all or any part of any of the evidence so presented. *Id.* Having considered the entirety of the evidence in a neutral light, we conclude that the proof of appellant's guilt is neither so obviously weak as to undermine confidence in the jury's determination, nor such that it is greatly outweighed by contrary proof. Thus, the proof is factually sufficient to support the verdict. We overrule appellant's second issue.

Having found the proof both legally and factually sufficient to support appellant's conviction, and thus overruled his issues on appeal, we affirm the trial court's judgment.


James T. Campbell
Justice


Do not publish.

Quinn, C.J., dissenting.

12